# The White Current Corporation v. State of Vermont, Agency of Transportation

[438 A.2d 393]

No. 399-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Roger W. Lamson,* North Hartland, for Plaintiff.

*John J. Easton, Jr.,* Attorney General, and *Richard M. Finn,* Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** The plaintiff-appellant, White Current Corporation, filed a complaint in the Windsor Superior Court against the defendant-appellee, State of Vermont, Agency of Transportation, seeking restitution of a flowage easement allegedly taken by the defendant without a proper highway condemnation proceeding. In its answer, the defendant asserted the affirmative defenses of estoppel and the statute of limitations. Simultaneously, the defendant moved to dismiss the complaint for failure to state a cause of action, pursuant to V.R.C.P. 12(b)(6), on the ground of estoppel. The trial court dismissed the complaint on the basis of the pleadings and arguments of counsel reasoning that "plaintiff is estopped from now asserting the claim." The motion was heard and the order signed, not only by the presiding judge but also by the two assistant judges. Plaintiff appeals this order.

It should be noted again this was an equitable action and the assistant judges should not and cannot participate therein. 4 V.S.A. § 219; *Pockette* v. *LaDuke,* 139 Vt. 625, 627, 432 A.2d 1191, 1192 (1981); *Nugent* v. *Shambor,* 138 Vt. 194, 199, 413 A.2d 1210, 1213 (1980) (Billings, J., concurring). No claim of error is predicated upon this issue, and the decision was a unanimous one so it is harmless here, *Travelers Insurance Co.* v. *Blanchard,* 139 Vt. 559, 559, 433 A.2d 296, 296 (1981), absent a showing that the assistant judges actually participated in the hearing and the making of findings of fact. *Maskell* v. *Beaulieu,* 140 Vt. 75, 76, 435 A.2d 699, 700 (1981).

A motion to dismiss for failure to state a claim upon which relief can be granted, V.R.C.P. 12(b)(6), chal-

lenges the sufficiency of the complaint and admits all factual allegations well pleaded by the nonmoving party. *Bennett Estate* v. *Travelers Insurance Co.*, 138 Vt. 189, 190–91, 413 A.2d 1208, 1209 (1980). All reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are assumed to be false. *Reynolds* v. *Sullivan*, 136 Vt. 1, 3, 383 A.2d 609, 611 (1978). The affirmative defenses of estoppel and statute of limitations which must be specially pleaded, V.R.C.P. 8(c), are unavailable for consideration on a motion to dismiss pursuant to V.R.C.P. 12(b)(6). The complaint here clearly states a cause of action for damages or restitution or both for the taking of a flowage easement without proper condemnation proceedings, and it was error for the trial court to grant defendant's motion to dismiss.

*Reversed and remanded.*