### A. G. Anderson Co., Inc. v. Chittenden Cider Mill and Robert Chittenden

[475 A.2d 1085]

No. 82-320

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 6, 1984

*Georgiana O. Miranda* of *McKee, Giuliani & Cleveland,* Montpelier, for Plaintiff-Appellant.

*Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendants-Appellees.

Peck, J. Plaintiff, A. G. Anderson, Inc., brought this action to recover the balance due under a construction contract with defendant Robert Chittenden, a principal of the Chittenden Cider Mill. Defendants counterclaimed for damages which, they claimed, resulted from inadequate performance by the plaintiff.

After a trial on the merits, the Washington Superior Court concluded that the competing claims offset each other and entered judgment dismissing both the complaint and counterclaim. Plaintiff appealed, contending that the court's findings were inadequate, inconsistent, and incomplete. We disagree and hold that the disputed findings were consistent and adequate to support the judgment. Accordingly, we affirm.

Under the contract, plaintiff agreed to provide concrete floors and retaining walls for an addition to defendants' cider mill. Defendants' chief concern was that the floors be constructed so as to allow adequate drainage of the large quantities of water and other liquids generated in the production of cider. Shortly after the work was completed, defendant Robert Chittenden discovered various defects in the walls and floor slabs installed by plaintiff.

The most serious problem was the collection of liquids into pools at various places on the floor. This was attributed primarily to the improper slope of the floor, which prevented liquids from reaching the drains. Also, certain floor slabs were found to have settled because of improperly compacted gravel beneath the concrete, adding to the drainage problem. There was evidence of other defects as well; however, the underlying dispute revolved around responsibility for the improper slope of the floor. The gravel base, which was inadequate to provide a proper slope, was not installed by the plaintiff, who contended that, in accordance with the intent of the parties, his

sole responsibility was to pour the concrete floor slabs which overlay the base. There was evidence presented on both sides of the issue of intent.

Our standard of review in cases, such as the one before us, in which the findings of the trial court are challenged, is to determine whether there is reasonable and credible evidence to support them. *Economou* v. *Economou*, 136 Vt. 611, 617, 399 A.2d 496, 499 (1979). This Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party, and excluding modifying evidence, they are clearly erroneous. *Smith* v. *Drummond*, 143 Vt. 175, 177, 465 A.2d 242, 243 (1983). In this matter the findings are amply supported, and state facts essential to its disposition. *American Trucking Associations, Inc.* v. *Conway*, 142 Vt. 17, 23, 451 A.2d 42, 45 (1982). We have no difficulty in construing the disputed findings to support the judgment, *Wood* v. *Wood*, 143 Vt. 113, 117, 465 A.2d 250, 252 (1983), or in reconciling those findings claimed to be inconsistent. The fact that there was evidence from which different findings could have been made in favor of the plaintiff, and indeed might have been made by another court, cannot change the result. The findings here are supported, they are not clearly erroneous, and they are reasonable. Findings will not be overturned merely because they are controversial. *Gadhue* v. *Marcotte*, 141 Vt. 238, 241, 446 A.2d 375, 377 (1982). We find no error; the judgment must stand.

*Affirmed.*