### Jaclyn Harman v. David E. Rogers

[510 A.2d 161]

No. 83-442

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed March 28, 1986

12

*Putter & Unger Associates*, Montpelier, for Plaintiff-Appellant.

*Richard E. Davis Associates, Inc.*, Barre, for Defendant-Appellee.

*Nuovo & Marsh*, Middlebury, for amicus curiae Women's Section of Vermont Bar Association.

**Hill, J.** Plaintiff and defendant lived together as an unmarried couple between 1974 and 1981 and operated various business interests owned either jointly or by defendant alone. Following the termination of their personal and business relationships, plaintiff brought this action to recover what she believed to be her interest in these enterprises. At trial, plaintiff pursued claims based on express partnership, implied partnership, quasi-contract, breach of express partnership agreement, assault and intentional infliction of emotional distress. Dissolution of the express partnership agreement was ordered, and the remaining claims were disallowed. Plaintiff appealed, alleging error in respect to all claims disallowed by the trial court. Plaintiff also contends that the case was heard before an improperly constituted court and should therefore be reversed for lack of jurisdiction. We affirm in part, reverse in part, and remand the case for further proceedings not inconsistent with this opinion. The facts will be discussed as they become relevant to the issues addressed below.

■ Plaintiff's first claim on appeal is that the judgment is void for lack of jurisdiction because of the presence of assistant judges during the adjudication of equitable matters. Under *Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 620, 471 A.2d 224, 227 (1983), this fact would require reversal. However, in *Solomon* v. *Atlantis Development, Inc.*, 145 Vt. 70, 74, 483 A.2d 253, 256 (1984), we held that *Soucy* will be applied prospectively only. This case having been decided prior to December 12, 1983, the date *Soucy* was handed down, it is not subject to reversal based on claims of an improperly constituted court, absent a showing that participation by the assistant judges affected the result. *White Current Corp.* v. *State*, 140 Vt. 290, 291, 438 A.2d 393, 394 (1981); *Brower* v. *Holmes Transportation, Inc.*, 140 Vt. 114, 118, 435 A.2d 952, 954 (1981). No such showing has been made herein.

Error is next assigned to the trial court's refusal to find that an implied partnership existed between the parties. Aside from work to be done under an express agreement to renovate and lease an apartment building known as the Sibley House, the parties devoted most of their time and effort to a contracting business, a campground, a store and other real estate all owned by the defendant and carried on in defendant's name only. Even though no express partnership agreement existed as to these aspects of their relationship, plaintiff argues that the nature of the services she performed for defendant's businesses indicates an intention by the parties to be bound as partners in their various undertakings.

■ ■ Under Vermont's version of the Uniform Partnership Act, 11 V.S.A. §§ 1121-1335, there need be no express agreement to create a partnership. 11 V.S.A. §§ 1161-1162. In deciding whether a partnership has been created by tacit agreement, courts must examine the facts to determine whether the parties carried on as co-owners of a business for profit. 11 V.S.A. § 1161(a); see *Concra Corp.* v. *Andrus*, 141 Vt. 169, 174, 446 A.2d 363, 365 (1982). As against third persons, such a finding is determinative regardless of the parties' knowledge that their association created a partnership. *Concra Corp.*, *supra*, 141 Vt. at 174, 446 A.2d at 365. Where the issue hinges on the rights of the parties *inter se* only, however, there must be a manifestation of an intent to be so bound. *Raymond S. Roberts, Inc.* v. *White*, 117 Vt. 573, 577, 97 A.2d 245, 248 (1953).

The court in this case found that plaintiff repeatedly attempted to convince the defendant to put real estate that he purchased in

both of their names and that defendant consistently refused to do so. The court also recognized that, while plaintiff had the right to sign defendant's name on the construction company's checks, she was never permitted to sign her own name. We will not recite all the evidence which supports the court's conclusion that, apart from the Sibley House agreement, no other business partnership was created by the parties. We do note, however, that when plaintiff submitted an application for other employment in March of 1981, she listed her "Present or Most Recent Employment" as "David E. Rogers Contractor," and her supervisor as "David E. Rogers Owner." In short, the findings and conclusions of the trial court on the implied partnership issue are well supported, and, accordingly, they must stand on appeal. *A.G. Anderson Co.* v. *Chittenden Cider Mill*, 144 Vt. 289, 291, 475 A.2d 1085, 1086 (1984).

As an alternative to her partnership claim, plaintiff seeks restitution, based on a contract implied in law, or quasi-contract, for the services she performed for defendant's business during the period of their relationship.

At the outset of our discussion of plaintiff's restitution theory, we think it is desirable to point out that, although there is at least some suggestion to the contrary in the brief filed by the amicus curiae, there is an express disclaimer in plaintiff's own brief that her restitution claim is a so-called "palimony" action. We accept that concession; accordingly, we will not address such issues as whether the relationship between the parties should be viewed as the legal equivalent of wife and husband, or whether the laws applicable upon the dissolution of a marriage, including the disposition of property, should be applied here.[1]

As plaintiff rightly points out, the theory underlying quasi-contracts, or contracts implied by law, grows out of the doctrine of unjust enrichment. 66 Am. Jur. 2d *Restitution and Implied Contracts* §§ 1-3. The right of recovery is based on the principle that:

---

[1] In adopting this approach we note, *en passant*, that we agree with the amicus position that the mere fact the parties were living together, or that their total relationship may or may not have included some sexual involvement, standing alone, does not preclude recovery. *Stewart* v. *Waterman*, 97 Vt. 408, 415, 123 A. 524, 526 (1924).

> [O]ne person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made . . . .

*Id.* § 3, at 945.

In response to plaintiff's motion to amend the judgment, the trial court found:

> Plaintiff did not have the ability to perform or supervise foundation and real estate renovation work and . . . did not act as Defendant's decision-maker, financial analyst or business manager. Despite her claims to the contrary, we are unable to find that her bookkeeping services enhanced the business in any material way. Furthermore, the credible evidence does not support a finding that Defendant relied on Plaintiff's opinions and advice concerning business matters.

Plaintiff attacks these findings as being against the weight of the evidence. In addressing this claim, we reiterate that our role as an appellate court is a limited one:

> [F]indings of fact will not be set aside unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. Further, where the evidence is in conflict, such findings will stand even if the evidence predominates against them; only where the contrary proof is so overwhelming that there is no reasonable basis upon which findings can stand will they be set aside.

*Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983) (citations omitted).

Although plaintiff recites a considerable amount of testimony favorable to her position, we do not find the contrary proof to be so overwhelming as to require wholesale reversal. The evidence as to whether plaintiff materially benefitted defendant's business in her role as consultant, analyst or manager is clearly in conflict, and the question for determination reduces to issues of weight and credibility. These issues are peculiarly within the province of the trial court, see V.R.C.P. 52(a) "([f]indings of fact shall not be

set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and the weight of the evidence"), and we defer to its judgment.

■ We do not believe, however, that the trial court's findings adequately address plaintiff's quasi-contract claim regarding the services she provided between March 1, 1979, and October 13, 1979, at the Riverbend store. It is undisputed that defendant purchased the building for $25,000. Six months after completing renovations, he was able to lease it as a going concern for $650.00 per month. During the six-month interim plaintiff ran the store: she purchased inventory, trained and supervised employees, paid the store's bills, and did its banking. The trial court specifically found that:

> By March of 1979, the Riverbend Store was renovated and opened for business by defendant. While defendant was at work operating his concrete foundation business, plaintiff was running the day to day operations of the store.

The only conclusion that can be fairly and reasonably drawn is that plaintiff's services in this regard materially benefitted the defendant. Consequently, on remand the trial court must make a determination of the amount due and award plaintiff restitution for her services in running the Riverbend store in 1979.

Plaintiff's wage claim stands on a different footing. Defendant clearly agreed to pay plaintiff $3 per hour for her bookkeeping services. The trial court found, however, that the parties agreed that plaintiff's wages were to be her contribution to household expenses. This finding is amply supported by the evidence,[2] and it undermines plaintiff's claim that she is entitled to recover back pay for her bookkeeping services from January 1, 1979, when defendant allegedly discontinued "wages," until July 29, 1981, when the parties terminated their business relationship. See *In re Estate of Boisvert*, 135 Vt. 69, 72, 370 A.2d 209, 211 (1977) (where express or implied in fact agreement at issue, plaintiff must establish a mutual expectation of payment). Consequently, we will not disturb the lower court's decision on this point.

---

[2] In making this determination we note that plaintiff reported her bookkeeping income to the IRS for several years prior to 1979 yet never drew wages as such.

Plaintiff cites *Boisvert, supra,* 135 Vt. at 72, 370 A.2d at 211, and *Stewart* v. *Waterman,* 97 Vt. 408, 414-15, 123 A. 524, 526 (1924), and contends that the trial court erred as a matter of law when it held that the services rendered by plaintiff to defendant's business were incidental to their personal relationship. This holding, however, was not presented as a bar to recovery. It went simply to the plaintiff's expectations, at least beyond her $3 per hour wage, and the concerns which motivated her to provide services which may have been outside the scope of the parties' express agreement.

■ In sum, plaintiff's implied contract claim fails, not because of the nature of the parties' relationship, but because she did not sustain her burden of showing a mutual expectation of payment over and above her $3 per hour wage. Plaintiff's quasi-contractual claims also fall short of the mark, except insofar as her services at the Riverbend store are concerned, because she failed to establish that defendant was materially benefitted in his contracting and real estate business by her services so as to require him to pay her restitution. Finally, plaintiff's back pay claim fails because the parties agreed that her wages were to be her contribution to household expenses.

Next, plaintiff contends the court erred by ordering the dissolution of the so-called Sibley House partnership in accordance with the partnership agreement. We agree.

The Sibley House partnership must be distinguished from the *implied* partnership which the court below held never existed. Pursuant to a written agreement, the parties agreed in 1975 to form a partnership for the purposes of owning and developing a certain residential apartment building in East Montpelier. Section XI of the agreement provided that "[e]ither partner may retire from the partnership at the end of any fiscal year. Written notice of intention so to retire shall be served by the partner retiring upon the other . . . at least six months before the end of such fiscal year." Nowhere did the court find that defendant complied with this provision. Nevertheless, the court below found that defendant "has effectively retired from the Sibley House partnership."

■ Under 11 V.S.A. § 1324(a)(6), "[o]n application by or for a partner, the court shall decree a dissolution whenever: . . . circumstances render a dissolution equitable." Moreover, we note that defendant did in fact ask the court to dissolve the Sibley

House partnership agreement. In its order, however, the court did not dissolve the partnership. Rather, in its conclusions of law, the court found the partnership ended pursuant to the partnership agreement. This conclusion is not supported by the findings or the evidence. Consequently, we must remand for a new hearing on the issue of the dissolution of the Sibley House partnership, having in mind defendant's request for dissolution under 11 V.S.A. § 1324(a)(6).

Plaintiff also argues the court below erred in dismissing her claims for damages for assault and intentional infliction of mental distress. Without citing the record, she argues that unrebutted evidence supports her tort claims. Plaintiff asserts that this unrebutted evidence, coupled with the court's failure to specify its reasons for denying the claim, requires reversal. We agree that the trial court's failure to find facts relating to material issues raised by the plaintiff's tort claims constitutes error.

When an appellate court is left in a position where it has to speculate as to the basis upon which the trial court reached its decision, it will refuse to do so. When findings of fact are requested by a party, as plaintiff did here, the trial court must make findings upon all material issues raised by the pleadings and the evidence. See *Fisher* v. *Poole*, 142 Vt. 162, 170, 453 A.2d 408, 412 (1982); V.R.C.P. 52(a). The court below refused plaintiff recovery, simply stating it was "unable to find that plaintiff is entitled to recover damages for any alleged assaults or other claimed wrongful acts." This conclusory statement does not satisfy the requirement that findings be made in this case. The purpose of findings is to make a clear statement to the parties and to this Court of what was decided and how the decision was reached. The trial court's failure to do so in this case mandates reversal. *Argast* v. *State Environmental Board*, 143 Vt. 84, 86, 463 A.2d 214, 215 (1983). We reverse the order dismissing the tort claims and remand for further hearing on that matter.

Finally, plaintiff claims the court erred in failing to make certain findings of fact, to wit, that plaintiff shared in the profits of the business, that plaintiff subjected herself to financial risk, and that the scope of plaintiff's duties were much broader than the trial court found. Taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, this Court will not set aside findings of fact unless they are clearly erroneous. *Cliche* v. *Cliche*, *supra*, 143 Vt. at 306, 466 A.2d

at 316. Moreover, "[e]rror does not appear from the failure to adopt one side's findings." *Hall* v. *Miller*, 143 Vt. 135, 145, 465 A.2d 222, 227 (1983). The findings on these issues are each supported under the standards outlined above.

*Affirmed in part, reversed in part; cause remanded for further proceedings not inconsistent with this opinion.*

By motion for reargument, plaintiff contends that this Court overlooked facts relevant to her restitution claim for her bookkeeping services and the services she rendered at the Riverbend store. Portions of the opinion have been redrafted to address these claims, and the motion for reargument is granted insofar as these changes effect a change in the result reached under our prior opinion.

*Motion for reargument granted in part in accordance with the views expressed in our revised opinion.*