## C.C. Miller Corporation v. Ag Asset, Incorporated, et al.

[563 A.2d 626]

No. 88-274

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 9, 1989

*Harold B. Stevens*, Stowe, for Plaintiff-Appellee.

*Samuelson, Portnow & Little, P.C.*, Burlington, for Defendants-Appellants.

**Gibson, J.** The seventeen individual defendants in this case appeal an order of the superior court granting plaintiff's motion for a default judgment against them as a sanction for noncompliance with discovery orders. We reverse and remand.

Defendant Ag Asset, Inc. entered into a dairy cow management contract with the seventeen individual defendants in this case in late 1983. On March 1, 1984, acting pursuant to the contract as their agent and attorney-in-fact, Ag Asset purchased four hundred cows from plaintiff C.C. Miller Corporation, a cattle broker in Morrisville, Vermont. In the course of that transaction, Ag Asset executed a $330,000 promissory note to plaintiff on behalf of the individual defendants.

Defendants made regular payments on the promissory note until late May of 1985, when all payments stopped. In November of 1985, plaintiff sued defendants to recover the principal balance due on the note. A default judgment was entered against Ag Asset, which failed either to appear or to answer the complaint, in January of 1986. The individual defendants were eventually joined and raised three affirmative defenses to the complaint: failure of consideration, lack of authority by Ag Asset to sign the promissory note, and fraud arising from plaintiff's use of the note's proceeds.

Discovery was begun by plaintiff, which served requests for admission upon defendants as well as interrogatories. When there was no response to either discovery request, plaintiff filed motions to compel. Plaintiff also moved for summary judgment. In August of 1987, all motions were heard together. The court denied the motion for summary judgment, but ordered that defendants were deemed to have admitted plaintiff's requests for admission, and further ordered defendants to answer all outstanding interrogatories and requests to produce by September 21, 1987 so that the case could be tried after November 1st.

Defendants failed to respond to the discovery requests by September 21st, at which time plaintiff once again moved for sanctions, seeking to default defendants for their failure to give a factual basis for their affirmative defenses. On October 13, 1987, defense counsel objected to the motion for sanctions and cross-moved to enlarge discovery time. Nine days later, plaintiff was served with handwritten responses to its interrogatories from nine of the defendants. The responses were unsworn, and they were not filed with the superior court.

The motion for sanctions was heard on December 16, 1987, and defendants were given until December 31 to answer all outstanding discovery requests. Upon their failure to do so, plaintiff renewed the motion for sanctions on January 4, 1988. The motion was argued on March 31, 1988, at which time the court defaulted all defendants for their failure to comply with discovery requests. The judgment order to that effect, prepared by plaintiff, was entered on April 19, 1988. Defendants appeal from that order.

Defendants argue that the trial court's actions constituted error for three reasons: nine of the defendants had answered the interrogatories; the court did not make the findings of fact required under *John v. Medical Center Hospital of Vermont, Inc.,* 136 Vt. 517, 394 A.2d 1134 (1978); and the court's sanction of defaulting the defendants was an abuse of its discretion. Because it is impossible for this Court to ascertain the basis upon which this ultimate sanction was imposed, and whether less drastic alternatives were considered, we reverse and remand for findings of fact.

V.R.C.P. 37(b)(2) expressly provides that a party failing to comply with discovery requests or orders may be sanctioned in varying degrees, from the imposition of costs to dismissal or default. In *John v. Medical Center Hospital of Vermont,* relied on by defendants, we held that

> where the ultimate sanction of dismissal in invoked it is necessary that the trial court indicate by findings of fact that there has been bad faith or deliberate and willful disregard for the court's orders, and further, that the party seeking the sanction has been prejudiced thereby. The imposition of the dismissal sanction cannot be imposed merely as punishment for failure to comply with the court's order.

136 Vt. at 519, 394 A.2d at 1135.

Plaintiff attempts to distinguish *John* on the grounds that dismissal of a complaint is different from a default judgment, and that because there was a full hearing on the motion, a transcript is available to this Court to determine whether the trial court's discretion was appropriately applied. Plaintiff contends that "the record [is] replete with [evidence of defendants'] willful and deliberate disregard of the court's orders," justifying the "ultimate sanction of default."

We perceive no difference between a dismissal and a default judgment sufficient to make *John* inapplicable to this case. *John* noted that the dismissal of an action because of a genuine inability to comply with a pretrial production order raised due process issues under the United States Constitution, and that less drastic sanctions should be imposed unless "gross indifference, bad faith, or willfulness, coupled with substantial prejudice" to the moving party, has been found. *Id.* at 519-20, 394 A.2d at 1135.

Here, the transcript does not show that the trial court found defendants' noncompliance to have been willful or in bad faith, nor does it indicate whether any less drastic sanctions —such as the striking of defendants' affirmative defenses — were weighed for any of the defendants, particularly those nine individuals who in some form attempted to comply with the discovery requests. "When an appellate court is left in a position where it has to speculate as to the basis upon which the trial court reached its decision, it will refuse to do so." *Harman* v. *Rogers*, 147 Vt. 11, 19, 510 A.2d 161, 166 (1986). That basic rule, invoked in *Harman* because findings there were specifically requested by a party pursuant to V.R.C.P. 52(a), applies equally as well to cases involving Rule 37(b) sanctions.*

We are mindful, as we noted in *John,* 136 Vt. at 520, 349 A.2d at 1135-36, that ultimate sanctions such as dismissal and default are sometimes warranted. This may well be such a case. We cannot, however, review the trial court's discretion in imposing such a sanction in the absence of explicit findings supporting its decision.

---

* We note that under V.R.C.P. 52(a) findings of fact are deemed unnecessary for all motions exept as provided in Rule 41(b), pertaining to the involuntary dismissal of actions. While strictly speaking a motion for a default judgment under V.R.C.P. 37(b) does not come within that definition, the constitutional implications cited in *John* and the similarity between dismissals and defaults support our conclusion that findings of fact are necessary in this case.

*Reversed and remanded.*

**Morse, J.,** dissenting. The trial court granted plaintiff's motion for default because defendants repeatedly failed to comply with discovery orders and to provide a factual basis for their affirmative defenses. The majority reverses and remands for findings of fact. I do not believe findings are necessary because the facts are not in dispute. Therefore, I respectfully dissent, and would affirm the court's order, finalizing a long-overdue judgment for plaintiff.

This lawsuit began in November of 1985. What started as a straight-forward collection of a promissory note has become mired in nearly 200 docket entries in a contest obviously spurred by dilatory tactics. Even defendants' counsel candidly admitted at oral argument that the awaited responses to plaintiff's discovery requests would not substantiate the defenses to plaintiff's claim. Yet this Court now requires a remand so that the trial court can make findings to point out what is patently obvious, namely, that defendants have no defense.

To date, the record discloses no dispute of material fact, and those facts in the record mandate that plaintiff prevail as a matter of law. Nevertheless, the majority posits that some sanction short of default might be appropriate, such as striking the affirmative defenses. That, of course, would be tantamount to judgment for plaintiff because the affirmative defenses are all there is to defeat plaintiff's recovery.

*John* v. *Medical Center Hospital of Vermont, Inc.* does not require findings of fact unless "the record does not reveal what factors guided the court's discretion." 136 Vt. 517, 519, 394 A.2d 1134, 1135 (1978). Here, the record revealed that the trial court entered default because defendants did not come forth with discovery responses and, without some disputed factual basis to go to trial, there was no reasonable alterative to entering a default or summary judgment order. *John* dealt with "bad faith or deliberate and willful disregard for the court's orders" and the prejudice occasioned thereby. *Id.* Here, the record discloses no excuse for allowing more time to defendants to provide a basis for defending the lawsuit.*

---

\* The unsworn answers to discovery from nine of the defendants revealed no factual basis for the affirmative defenses.

In short, the only purpose served by today's decision is to delay judgment and make the lower court perform the following ritual: (1) take the undisputed information from the record (which is in the majority's opinion) and label it "findings of fact"; and (2) determine that the facts warrant a default, or skip the sanction of default and enter summary judgment in favor of plaintiff for the amount owed on the note. This ritual would apparently obviate the need "to speculate as to the basis upon which the trial court reached its decision." *Harman* v. *Rogers,* 147 Vt. 11, 19, 510 A.2d 161, 166 (1986). I believe it would be more sensible to stop the charade now and affirm. Justice Dooley joins in this dissent.