2004 VT 122

**Howard A. MANOSH v. FIRST MOUNTAIN VERMONT, L.P.**

[869 A.2d 79]

No. 03-426

¶ 1. December 14, 2004. Defendant First Mountain Vermont, L.P. (FMV) appeals from a default judgment entered by the Lamoille Superior Court to sanction FMV for not complying with an order compelling discovery. While FMV's fail-

ure to respond to proper discovery requests may warrant a severe sanction, we reverse and remand because it is impossible for this Court to ascertain the trial court's reasons for imposing the ultimate sanction of a default judgment, or whether the trial court considered less drastic alternatives.

¶ 2. In August 2002, plaintiff Howard A. Manosh filed the present action, seeking a declaratory judgment as to the ownership of certain development rights on real property located in Morrisville, Vermont. Plaintiff contends that through a series of transactions involving him, FMV, and the Grand Union Company, FMV became the owner of the real property, and plaintiff retained the rights to develop it. The underlying transactions are not at issue in this appeal because the court entered judgment for plaintiff before the parties had completed discovery.

¶ 3. Plaintiff began discovery in early October 2002 by serving defendant with a series of interrogatories and requests to produce. Defendant did not respond to the requests within the thirty-day time limit provided by V.R.C.P. 33 and 34, and plaintiff's counsel inquired about the failure to respond by letters dated November 18 and December 2, 2002. In the December letter, plaintiff's counsel advised defendant's counsel that plaintiff would move to compel responses and seek sanctions if defendant did not answer plaintiff's interrogatories and document requests by December 10, 2002. Plaintiff asserts that his counsel was informed by defendant's attorney on December 19, 2002 that defendant would provide answers to discovery by January 10, 2003.

¶ 4. Defendant failed to provide any discovery responses by January 10, 2003. On January 31, 2003, plaintiff moved to compel and requested sanctions, including striking defendant's answer and entering a default judgment for plaintiff, under V.R.C.P. 37. Defendant did not respond to plaintiff's motion to compel. The court granted the motion by entry order dated February 18, 2003. The entry order also explained that a status conference would be scheduled. Meanwhile, on February 12, 2003, defense counsel filed a certificate of service with the court indicating that defendant had sent its discovery responses to plaintiff's attorney on February 10, 2003, by regular mail.

¶ 5. At the status conference on March 26, 2003, it was determined that defendant still owed plaintiff a response to document request number twelve. FMV had neither produced any responsive information nor objected or otherwise responded to that particular request. FMV's counsel indicated, however, that he felt the request was too broad and that he would file a written motion for protection if he had to. After some discussion with counsel for both sides, the court narrowed the scope of the request, and ordered defendant to respond to it by April 15, 2003. The date passed with no response from defendant as ordered.

¶ 6. At the next status conference on May 27, 2003, the court inquired about the progress the parties had made in the case. Plaintiff complained that defendant still had not complied with the court's orders compelling discovery, including not responding to document request twelve. Defense counsel said little during the hearing, but explained that he had not received a response to the request from his client despite having asked FMV to provide one. The court took a short recess, and when the hearing resumed, it ordered defendant's answer stricken and entered a default judgment for plaintiff. The court issued a judgment reflecting that decision on June 5, 2003. FMV then moved, without requesting a hearing, to reinstate its answer and to set aside the default judgment. By entry orders dated August 22, 2003, the court denied those

motions without further explanation, and this appeal followed.

¶ 7. As a preliminary matter, we reject Manosh's argument that the judgment striking the answer and entering the default is not properly before us. See V.R.A.P. 3(a) ("An appeal from a judgment preserves for review any claim of error in the record . . . ."); see also *Town of Lyndon v. Burnett's Contracting Co.*, 138 Vt. 102, 108, 413 A.2d 1204, 1207 (1980) (holding that a party's failure in its notice of appeal to mention an interlocutory order dismissing a counterclaim did not preclude the Court from considering an appeal of the dismissal). As explained below, we reverse and remand, because the trial court's rulings at present do not reveal a sufficient basis for imposing a default judgment as a discovery sanction.

¶ 8. FMV argues that the court abused its discretion by striking its answer and entering judgment by default without sufficiently explaining the rationale for its decision as required by our decision in *John v. Medical Center Hospital of Vermont, Inc.*, 136 Vt. 517, 394 A.2d 1134 (1978). In *John*, we reversed and remanded the superior court's dismissal of plaintiff's complaint as a sanction for not complying with a discovery order. *Id.* at 519, 394 A.2d at 1135. Although we noted that the facts of the case might have justified the court's decision, we were unable to determine whether the trial court abused its discretion by dismissing the complaint because the trial court did not explain its reasons for the dismissal. *Id.* Specifically, we held that "where the ultimate sanction of dismissal is invoked" under Rule 37(b)(2), the trial court must sufficiently explain its conclusions "that there has been bad faith or deliberate and willful disregard for the court's orders, *and further, that the party seeking the sanction has been prejudiced thereby*." *Id.* (emphasis added).

¶ 9. We reaffirmed the holding of *John* in the context of an order striking defendants' answers and entering a default judgment against them in *C.C. Miller Corp. v. Ag Asset, Inc.*, 151 Vt. 604, 563 A.2d 626 (1989). There, defendants failed to respond to plaintiff's discovery requests over a period of approximately two years, despite two court hearings at which the trial court extended defendants' time to respond. *Id.* at 605-06, 563 A.2d at 626-27. The trial court defaulted defendants after they failed to respond to the outstanding discovery requests, missing the second extended deadline ordered by the court. *Id.* at 606, 563 A.2d at 627. Rejecting plaintiff's argument that the difference between a dismissal of a complaint and a default judgment rendered *John* inapplicable, we remanded the case because "the transcript does not show that the trial court found defendants' noncompliance to have been willful or in bad faith, nor does it indicate whether any less drastic sanctions . . . were weighed for any of the defendants." *Id.* at 607, 563 A.2d at 627.

¶ 10. In the instant case, the trial court's orders (1) striking FMV's answer and entering a default judgment, and (2) denying FMV's motions to set aside the default and reinstate its answer suffer from the same deficiencies as the orders at issue in *John* and *C.C. Miller*. Although the June 5, 2003 order striking the answer and defaulting FMV recited certain relevant facts and thus arguably provided a basis for the sanction, the trial court did not find that FMV's failure to comply was willful, and did not touch upon whether FMV's failure to comply prejudiced Manosh,[1] or whether a less dras-

---

[1] The need for the trial court to explain the prejudice here is underscored by the fact that this case apparently centers around the interpretation of lease provisions, a question of law, while the dis-

tic sanction was considered. We recognize that this case may warrant imposition of a drastic sanction, and that the decision to impose sanctions under V.R.C.P. 37(b)(2) lies well within the trial court's discretion. Nonetheless, we reverse and remand "[b]ecause it is impossible for this Court to ascertain the basis upon which this ultimate sanction was imposed." *C.C. Miller*, 151 Vt. at 606, 563 A.2d at 627. Further, we note that Manosh sought a declaratory judgment as to the contested development rights. Thus, any final order of the trial court should provide a declaration of the relevant development rights of the parties.[2]

*Reversed and remanded.*

___

covery dispute concerns appraisals which appear neither relevant nor likely to lead to the discovery of admissible evidence on this question.

[2] At oral argument and by letter dated November 29, 2004, counsel for appellee suggested that FMV may no longer own the subject property. If mootness is an issue, it should be raised in the trial court.