# STATE OF VERMONT

# ENVIRONMENTAL COURT

|                          |   |                          |
|--------------------------|---|--------------------------|
| In re Appeal of Shaw, et al. | } | Docket No. 4-1-05 Vtec |

## Decision and Order on Pending Motions

Appellants Karen Shaw, Forest L. Foster, Suzanna Jones, Robert Houriet, Heather Bryant, Geoff Butler, and K. Elizabeth Cole (collectively referred to as Appellants) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Hardwick (Town) granting a permit for the construction of a telecommunications tower (tower) on property owned by Wendell and Beverly Shepard. Cross-Appellant-Applicant Rinker's, Inc., d/b/a Rinkers Communications (Rinkers), filed a cross-appeal. Appellants appeared and represent themselves; Rinkers is represented by L. Brooke Dingledine, Esq.; the Town appears through its non-attorney Town Manager, Daniel Hill. This matter is before the Court on Appellants' motion for summary judgment.

## Factual Background

The following facts are undisputed unless otherwise noted.

1. Rinkers proposes to locate the tower on the Shepards' land in the Compact Residential zoning district of the Town of Hardwick. The Shepards have not appeared as parties in this proceeding.

2. The size and dimensions of the Shepards' land were not submitted into evidence by either party. However, Rinkers submitted site information representing that the proposed tower and antenna structure would be just under 200′ tall and that the center of the tower would be no less than 200′ from the Shepards' nearest boundary line.

4. The lease between the Shepards and Rinkers allows Rinkers, as lessee, to occupy a portion of the Shepards' property with dimensions of approximately 200′ by 200′ for a term of twenty years.

5. On December 7, 2004, the Zoning Board of Adjustment approved Rinkers' application (No. 2004-045) for a telecommunications tower zoning permit, but limited the tower's height to

100′ plus an additional twenty feet for the proposed antenna to be attached to the top of the tower.

## Discussion

Appellants allege in their summary judgment motion that the tower does not comply with the Town's Bylaw (Bylaw), specifically § 4.15(F)(4), which states that "[t]owers shall be set back from all property lines and public rights-of-way for a distance equaling their total height, including attached antennas, unless otherwise permitted by the Board of Adjustment . . . ." Id. This setback requirement is presumably intended to ensure that if a tower topples, it will not fall onto other property or across a road or public path. Appellants argue that the relevant "property line" for the purpose of measuring setbacks is the edge of the leased plot on which the tower is to be built, rather than the line surrounding and delineating the Shepards' lot. The lease agreement describes the leased land as:

> Being a portion of the lands described in the Land Records of the Town of Hardwick at Book 59, Page 76, more specifically, a plot of land approximately Two Hundred Feet (200′) by Two Hundred Feet (200′), located immediately to the south of lands now or formerly owned by Karen Shaw and David C. Taylor of Carmel, New York (as described in said Land Records at Book 62, Pages 255-257), and lying easterly of Bridgman Hill Road, and having approximate degree coordinates of N 44 degrees, 31.239 minutes and W 022 degrees, 21.277 minutes.

Rinkers' Attach. to Statement of Disputed Facts, Ex. B, at 1.

If the lease agreement effectively subdivided the Shepards' property, then the limits of the leased area could properly be defined as a "property line" and § 4.15(F)(4) would only allow for a 100′ tower and antenna structure in the center of the 200′ by 200′ area. Rinkers asserts that the Shepards' property has not been subdivided and no new lot lines or property lines have been created by the lease agreement. The language of the lease agreement supports Rinkers' assertion, as it only roughly describes the leased area and includes no definitive location of the boundary lines. Appellants' assertion of a subdivision is not supported by any other evidence.[1]

We must view the relevant evidence in a light most favorable to the non-moving party when ruling on a motion for summary judgment and may only grant the motion if the applicable legal standards require an entry of judgment in the moving party's favor. See Toys Inc. v. F.M.

---

[1] Such other evidence of a subdivision, missing here, could include a subdivision permit or application, a notice of violation for failure to obtain a subdivision permit, or some other independent evidence that the Town regards the leased property as a separate parcel, such as a separate listing on its grand list or tax map.

Burlington Co., 155 Vt. 44, 48 (1990) ("The party against whom summary judgment is sought is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists"). In such a light, the evidence here does not support a finding that the lease agreement effectuated a subdivision of the Shepards' property. Therefore, Appellants' motion for summary judgment should be denied.[2]

Appellants also ask this Court to enter a default judgment on the ground that Rinkers and the Town failed to file a timely response to their motion for summary judgment. We decline to do so, for several reasons. First, Appellants did not copy Rinkers' counsel when filing their motion. Such a courtesy is required by the Vermont Rules of Civil Procedure, but sometimes not followed by parties unfamiliar with our Rules. Once Rinkers' counsel was made aware of Appellants' pending motion, a reply was filed. We therefore deem Rinkers' memorandum in opposition to Appellants' motion as having been timely filed. Second, Appellants appear to be asking for a remedy that is not applicable here. V.R.C.P. 55 envisions a default entry as being appropriate when a party fails to file a responsive pleading, such as an answer to a complaint. In zoning appeals to this Court, a responsive pleading is not necessary when an appellant files their statement of questions. See V.R.E.C.P. 5(f) (providing that "[n]o response to the statement of questions shall be filed"). A response to a motion for summary judgment is also not absolutely required under the applicable civil Rule: V.R.C.P. 56. Although a party who chooses to not file an opposition to such a motion does so at their peril, entry of judgment is not automatic, since the court is obligated to first determine that the moving party is entitled to summary judgment as a matter of law.

A default judgment is the "ultimate sanction," C.C. Miller Corp. v. Ag Asset, Inc., 151 Vt. 604, 607 (1989), and it is only appropriate where the party against whom it is sought demonstrates "gross indifference, bad faith, or willfulness, coupled with substantial prejudice to the moving party." Id. (citing John v. Med. Ctr. Hosp. of Vermont, Inc., 136 Vt. 517, 519–20 (1978) (internal quotation marks omitted)). No such bad faith is evident here. We therefore decline to grant Appellants' default motion.

---

[2] It appears from the topographic survey that the proposed tower, if it fell, could fall across a utility right-of-way. However, we find no evidence that a utility right-of-way is defined as a public right-of-way, so it does not impact the permitted height of the proposed tower. See § 4.15(F)(4).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' motions for summary judgment and for default judgment are both DENIED. This matter shall be set for a pre-trial conference pursuant to a separate notice of hearing issued by the Court Manager (see enclosed notice). The Court directs that the parties be prepared at that conference to discuss possible trial dates.

Done at Berlin, Vermont, this 21st day of October, 2005.

_____
Thomas S. Durkin, Environmental Judge