*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-431

MAY TERM, 2015

| | |
|---|---|
| Nina Darling | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Theodore Crow | } DOCKET NO. 244-4-13 Rdcv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals an order of the superior court, civil division, granting judgment to defendant with respect to plaintiff's complaint, which seeks restitution from defendant based on theories of a de facto partnership or unjust enrichment.  We affirm.

The trial court's findings were extremely sparse in its two-page decision, but the undisputed evidence revealed the following facts.  The parties were involved in a romantic relationship that began in 1998, when they started dating in Connecticut, where they both were living.  Twenty years earlier, defendant had purchased a 69-acre parcel of land in the Town of Castleton, Vermont and had built a cabin on the property for weekend use.  Around 2000, the parties began going to the property on weekends to prepare the land for building a house.  Construction on the house began in 2001.  In 2003, defendant moved to Vermont, took up residence in the cabin, and continued to work on the house.  In the fall of 2005, plaintiff sold her Connecticut home and moved to the Vermont property.  She helped defendant work on the unfinished house while they lived in it, but the house was titled in defendant's name only and he paid the costs of construction, including materials and the hiring of independent contractors to do work he was unable or unwilling to do.  While residing together over the years, the parties shared expenses, including real-estate taxes, insurance, groceries, and television and utility bills.  In the summer of 2012, defendant asked plaintiff to leave.  The relationship ended, and plaintiff moved back to Connecticut.

In March 2013, plaintiff filed a complaint seeking compensation from defendant for her work on the Vermont property.  She claimed unjust enrichment and the existence of a de facto partnership.  At the June 2014 evidentiary hearing before the court, the parties were the only witnesses to testify.  Plaintiff claimed that the parties had entered into a de facto partnership to design and build houses, but acknowledged that they had not worked on any house other than the one in which they had lived.  She testified as to work she had done on the property and stated that $330,000 would be fair compensation for her services.

In its October 16, 2014 decision, the trial court rejected plaintiff's de-facto-partnership claim out of hand, stating that the evidence presented at the hearing demonstrated that the parties

never entered into a business relationship together. The court also concluded that plaintiff had failed to sustain her burden of proof on theories of either quantum meruit or unjust enrichment. As for quantum meruit, the court noted the lack of any evidence that defendant ever implied that he would pay plaintiff for her services, and that plaintiff's contributions were incidental to the parties' long-term relationship. As for unjust enrichment, the court noted that plaintiff had failed to substantiate the value of the services that she claimed she provided to defendant or to demonstrate that her contributions were above and beyond the normal expenditures of a cohabitation relationship. The court concluded that the parties had agreed to share expenses and that both parties benefitted from any improvements to defendant's house during the ten years they lived together in the house. Accordingly, the court entered judgment for defendant.

On appeal, plaintiff first argues that the trial court failed to make findings sufficient to form a basis for its conclusions and decision. According to plaintiff, the court's limited findings failed to address substantial evidence regarding her contributions, and thus the court did not analyze the evidence to provide a basis for its decision. Plaintiff contends that, despite her submission of copies of bills and checks itemizing payments she made over the years toward household expenses, the trial court failed to explain why her significant financial contributions did not benefit defendant and require him to reimburse her. Plaintiff asserts that the trial court's decision leaves this Court to speculate as to the basis upon which the court reached its decision.

Without question, the trial court's findings were extremely limited. At the conclusion of the hearing, the court asked the parties to submit proposed findings and conclusions, but the parties submitted only memoranda of law. More important, neither party requested that the trial court make findings of fact pursuant to V.R.C.P. 52(a)(1). Even though the trial court's findings were brief and succinct, the court acknowledged in those findings that "[t]he parties worked together on constructing and furnishing a home in Castleton on property owned by [defendant]" and that "they shared household expenses" while living together on the property between 2003 and 2012. Nevertheless, the court declined to compensate plaintiff for her contributions because, in its view, they were incidental to the parties' long-term romantic relationship and did not go above and beyond the normal expenditures characteristic of a cohabitation relationship. Thus, notwithstanding the court's limited findings, "the court plainly indicated how it reached its decision." Pouech v. Pouech, 2006 VT 40, ¶ 7 n.1, 180 Vt. 1 (rejecting argument that trial court's limited findings made it impossible to determine what facts were relied upon, insofar as findings were not requested and trial court plainly indicated how it reached its decision); see Maurer v. Maurer, 2005 VT 26, ¶ 12, 178 Vt. 489 (mem.) (stating that major purpose of findings is to enable appellate court to determine how trial court reached its decision). Accordingly, we decline to reverse and remand the trial court's decision based on the absence of detailed findings. Cf. Harman v. Rodgers, 147 Vt. 11, 19 (1986) ("When findings of fact are requested by a party, as plaintiff did here, the trial court must make findings upon all material issues raised by the pleadings and the evidence.").

Plaintiff also argues, however, that the overwhelming evidence supports her claim for unjust enrichment. She states that her agreement to provide time, labor, funding, talent, and knowledge to the improvement of defendant's property and the construction of his house was made in reliance on defendant's 2000 "declaration of love and promise of a shared lifetime." She contends that the evidence shows she contributed far more than what would be considered characteristic of a cohabitation relationship. She asserts that she is entitled to recover the value of services she performed because, unlike defendant, she is unable to share in the enjoyment of the Vermont house to which she devoted twelve years of her life or to reap the financial benefit

resulting from her contributions to the house. Plaintiff relies exclusively on her unjust-enrichment claim, apparently having abandoned her claim of a de facto partnership.

In support of this claim, plaintiff relies primarily on the Restatement (Third) of Restitution § 28(1) (2011), which provides as follows:

> If two persons have formerly lived together in a relationship resembling marriage, and if one of them owns a specific asset to which the other has made substantial, uncompensated contributions in the form of property or services, the person making such contributions has a claim of restitution against the owner as necessary to prevent unjust enrichment upon the dissolution of the relationship.

Although "transactions between unmarried cohabitants may give rise to consequences by way of unjust enrichment that would not attach to the same transactions between strangers," Shattuck v. Peck, 2013 VT 1, ¶ 34, 193 Vt. 123, "not every unmarried cohabitant who confers an economic benefit on his or her partner is entitled to payback if the relationship ends," id ¶ 41. A party seeking reimbursement for unjust enrichment must demonstrate that: "(1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." Id. ¶ 38 (quotation omitted). Generally, a plaintiff is entitled to relief if, given the totality of the circumstances based on a broad view of the human setting involved, equity and good conscience demand that the defendant return that which was given. Mueller v. Mueller, 2012 VT 59, ¶ 28, 192 Vt. 85. It is within the province of the trial court to weigh the evidence and assess the credibility of the witnesses in determining whether the plaintiff has made a sufficient showing to warrant restitution. Harman, 147 Vt. at 16-17. We apply an abuse-of-discretion standard in reviewing the trial court's decision as to whether equity demands relief. Shattuck, 2013 VT 1, ¶ 10.

Upon review of the record, we conclude that the trial court's discretionary decision to deny plaintiff relief is supported by the evidence presented at the hearing. Virtually all of the evidence that plaintiff submitted in the form of exhibits detailing expenditures for which she was seeking restitution detailed household-living expenses she paid to defendant during the years she resided in defendant's house. As the trial court concluded, these expenses were incidental to the parties' long-term romantic relationship and were not above and beyond the normal expenditures characteristic of a cohabitation relationship. See Restatement (Third) of Restitution § 28 cmt. d ("Claims to restitution based purely on domestic services are less likely to succeed, because services of this character tend to be classified among the reciprocal contributions normally exchanged between cohabitants whether married or not."). Plaintiff also testified as to services she provided in helping defendant prepare for construction of the house and in working on the interior of the house. But, for the most part, she failed to quantify the value of these services in any detail. See id. ("Nothing in the principle of § 28 restricts its application to contributions of any particular kind, so long as the benefit conferred is properly quantifiable."); see also id. § 28 Reporter's Note d ("The prospects for restitution under § 28 are most favorable where the imbalance in the parties' reciprocal contributions is manifest, and where the claimant has made readily quantifiable contributions to some identifiable and subsisting asset in the hands of the defendant.").

Moreover, plaintiff failed to present any evidence demonstrating that she expected to be compensated for any of these services. We recognize that even essentially gratuitous transactions between cohabitants may be made in the expectation that the donative partner will share directly or indirectly in the resulting benefits, but such expectation must be implicit and justifiable. Id. § 28 cmt. c. At the hearing, defendant testified that plaintiff did some painting and wallpapering and helped with insulating the attic, but that he did most of the work in constructing the house and that he alone paid for materials and hired and paid for independent contractors to do work on the house that he was unwilling or unable to do, such as the putting in the foundation and roof. Plaintiff acknowledged that defendant alone paid for independent contractors to work on the house, explaining that she did not contribute to those costs because "[defendant's] name was on the title." Similarly, she testified that she told defendant that she would not help him pay for the cost of kitchen appliances "unless my name is on the mortgage." This testimony suggests that plaintiff did not expect to share in the value of defendant's house apart from living in the house. Id. ("As a general rule, . . . a claim in restitution will fail whenever the claimant is judged to have assumed the risk that a benefit conferred on the defendant would be neither compensated nor returned."). Her statement that she expected to share in the value of defendant's house forever because of defendant's declaration of love in 2000 and "promise of a shared lifetime" is not a justifiable expectation. Accordingly, the trial court did not abuse its discretion in declining to order restitution to plaintiff based on a theory of unjust enrichment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4