Vermont Superior Court
Filed 04/09/24
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-03550

| Krisroywick Holding Corp v. North East Response Svcs Llc |
|---|

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss Defendant's Counterclaims and Third Party Complaints (Motion: 8)
Filer:      Daniel D. McCabe
Filed Date: February 21, 2024

The motion is GRANTED.

Plaintiff Krisroywick Holdings Corp. and Third-Party Defendants Chadwick Roy and Kristina Roy seek to dismiss Defendant North East Response Services, LLC's counterclaims and third-party claims for failure to prosecute and to comply with discovery deadlines and the Court's prior motions to compel.

A brief history is warranted. Plaintiff filed the present action in November of 2021. Defendant filed an answer and counterclaim in January 2022. At the time, both parties and Third-Party Defendants were represented by counsel. In May 2022, Defendants served written discovery on Plaintiff and Third-Party Defendants. The parties adopted a discovery schedule in July of 2022 that had a trial ready date of May 2023. In November 2022, Plaintiffs served written discovery on Defendant. In April of 2023, Defendant moved to amend the discovery schedule and push several deadlines back to September 2023. In August 2023, Defendant's attorney sought to withdraw citing a lack of communication with his client. The Court conducted a hearing on the motion to withdraw in November 2023. At that hearing, counsel for Defendant stated that despite best efforts his client had not responded to his communications or responded to his efforts to answer Plaintiff's discovery requests. At the hearing, Plaintiff also reported that the November 2022 written discovery requests had never been answered and that Plaintiff had been working with Defendant's counsel and had held off from filing a motion to compel. The Court granted the motion to withdraw and gave Defendant 45 days to obtain new counsel or enter a notice of appearance. The Court also indicated

that it would hold a status conference after this deadline to address all outstanding and remaining discovery.

Defendant did not file a notice of appearance or any response to the Court's order. On January 5, 2024, Plaintiff filed a motion to compel responses to its outstanding discovery. The Court held a status conference and motion hearing on January 17, 2024. As with the November hearing, Defendant did not attend or send a representative. No motions or letters were filed to explain Defendant's absence. Plaintiffs represented that despite repeated efforts, they had received no response from Defendant in any shape or form. Following this hearing, the Court granted the motion to compel on January 17, 2024 and gave Defendant until February 20, 2024 to provide responses to Plaintiff's outstanding discovery requests and to enter a notice of appearance. The Court also required Plaintiff to serve a copy of the Order directly on Defendant. Plaintiff complied with this direction and had a copy of the Court's January 17, 2024 Order served on Defendant.

On February 21, 2024, Plaintiff filed the present motion and a motion for default judgment. On the same day, the Court also took up Plaintiff's prior motion for sanctions based on its January Motion to Compel. The Court awarded Plaintiff $862 in costs associated with the motion to compel. At that time, the Court noted that Defendant had not provided any discovery answers, entered a notice of appearance, sought any extension, or made any explanation to the Court in the face of these repeated orders. On February 28, 2024, Defendant sent an email indicating that it had secured new counsel who would be entering a notice of appearance shortly. Defendant requested an extension of time. The Court granted this request and gave Defendant until March 31, 2024 to have the new attorney file a notice of appearance and make contact with Plaintiffs. No such notice of appearance was forthcoming from either Defendant or the reported new counsel. No further filings have been made, and Plaintiff's discovery remains 17 months delayed.

During this period, the only steps that Defendant has taken in furtherance of its claims is one set of written discovery issued and answered nearly two years ago. Apart from this action, the Court is not aware of any actions taken by Defendant to prosecute its counter and third-party claims.

The Court finds that Defendant's failure to prosecute its counter and third-party claims were willful. Defendant has been given successive and repeated opportunities to act in this litigation. The Court has mandated that Orders be served on Defendant to ensure notice and opportunity. In

each case and despite the notice, knowledge, and warning of additional sanctions, Defendant has not acted. Defendant is fully aware of the responsibilities of parties within litigation as Defendant was recently a successful plaintiff in separate civil action involving other parties. See *North East Response Services, LLC v. St. Johnsbury Route 5 Associates Ltd Ptnr.*, Dckt. No. 21-CV-02587 (contract action to recover fees associated with remediation work) (settlement and dismissal filed on Sept. 18, 2023). Defendant's failure to appear or to defend the present case cannot be attributed to lack of knowledge or experience. It is a willful decision, and it shows signs of bad faith.

This decision has created prejudice and harm for Plaintiffs who have been unable to progress on their claims in over a year and a half, have incurred attorney's fees, and have not had recourse to either a judgment and recovery or finality on their claims. Furthermore, given that Plaintiff's have not had responses to its initial written discovery, they have been unable to retain experts or advance their defense. With the passage of time, these delays have grown more serious as witnesses, records, and memories grow more difficult to find and retain.

*Standard for Dismissal*

The Court has given Defendant several months to comply with various Court Orders and obligations under the Vermont Rules of Civil Procedure. Apart from one e-mail, the Court has not received any response from Defendant. At each step, the Court has sought to impose limited, coercive sanctions to obtain compliance without affecting Defendant's right to carry forward with its claims. To date, Defendant has not taken any action on either its outstanding discovery obligations, or its obligation to prosecute its counterclaims. Under V.R.C.P. 37, Defendants' failures warrant dismissal of its counter and third-party claims. *Goshy v. Morey*, 149 Vt. 93, 96 (1987). While dismissal is usually a sanction of last resort, the facts here support the imposition of this sanction. *Rathe Salvage, Inc. v. R. Brown & Sons, Inc.*, 2008 VT 99, ¶ 12.

The Court's conclusions under *Rathe* are supported by three reasons. First, the Court has exhausted lower and limited sanctions without success. Second, the record indicates that Defendant's failure to participate and prosecute its claims or reply to discovery has been willful given its knowledge of the case, notice of Court Orders, and experience in prior litigation. *Manosh v. First Mountain Vermont, L.P.*, 2004 VT 122, ¶ 10. Third, there is evidence that Plaintiffs have been prejudiced by these delays and failure to participate. Given the various opportunities Defendant has had to reply, explain, and advance its claims, the Court finds that the weight of procedural history in

this case warrants dismissal of Defendant's counter and third-party claims for failure to participate in discovery.

In addition to the Rules 37 basis, the Court also finds grounds under V.R.C.P. 41(b) to dismiss Defendant's counter and third-party claims. Under this rule, the Court may dismiss a claim if the party with the burden of proving the claim fails to advance the litigation or comply with the rules of civil procedure. V.R.C.P. 41(b). As the Vermont Supreme Court has noted, a party's failure to appear, respond, or comply with Court Orders compelling specific actions, are sufficient grounds under V.R.C.P. 41(b) to justify the dismissal of a claim. *Garbitelli v. Central Vermont Public Service, Inc.*, 2009 WL 2427941, at *2 (Mar. 5, 2009) (unpub. mem.). In this case, Defendant has ignored and failed to comply with multiple Court Orders and notices. The Court cannot devote on-going resources to a claim or matter that the party itself is not working to advance or develop. As the Court in *Garbitelli* states:

> A trial judge acts well within his duties to assure that the most effective use be made of the court's resources[,] to supervise and control the movement of all cases on its docket from the time of filing through final disposition, and to apply sanctions when reasonable efforts to manage the court's caseload have failed.

Id. (quoting *State v. Jones*, 157 Vt. 553, 558–59 (1991) (quotations and emphasis omitted)). For these reasons, the Court grants the dismissal of Defendant's counter and third-party claims under Rule 41(b) for failure to prosecute.

## ORDER

Based on Defendant's failure to prosecute and respond to discovery, its counter and third-party claims are **Dismissed** as a matter of law, Plaintiff's motion is **Granted.** Third-Party Defendant Chadwick and Kristina Roy are dismissed as parties.

Electronically signed on 4/5/2024 5:32 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge