924 A.2d 81 (2007)
2007 VT 7
STATE of Vermont
v.
Dennis LEE d/b/a United Community Services of America.
No. 05-125.
Supreme Court of Vermont.
Motion for Reargument Denied April 24, 2007.
January 25, 2007.
*83 Present: L. REIBER, C.J., DOOLEY, R. JOHNSON, S. SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. This appeal arises from a superior court finding of a Vermont Consumer Fraud Act (Act) violation. Defendant Dennis Lee d/b/a United Community Services of America (UCSA) challenges four superior court rulings as abuses of discretion, but does not appeal the final judgment. We find no abuse of discretion and affirm.
¶ 2. The State filed this consumer fraud action in Washington Superior Court following defendant's publication of an advertisement in the Burlington Free Press and Caledonia Record.[1] The advertisement invited readers to a "free show" at the Sheraton Hotel in Burlington on August 1, 2001 where "a dozen things the `experts' say are impossible" were scheduled to be demonstrated. The advertisement then claimed that attendees would witnessamong other technologiesthe following:
We will prove water can flow up hill without using a pump . . .
You can burn pure water to cut through thick steel. . . .
We will run a modified internal combustion engine in the room closed loop (with absolutely no exhaust system).
A camera that takes video through walls and can even look directly into the human body with no radiation. . . .
Buy a furnace that runs on fumes from your septic tank to heat and cool your home. . . .
Finally, the advertisement promised, "[s]ign up to get all your electricity for the rest of your life absolutely free!"
¶ 3. The State contacted defendant's office at UCSA the day before the presentation was scheduled to take place, and a representative acknowledged that the technology for "free electricity" did not yet exist. The State also discovered defendant's website which offered videotapes on the "free electricity" program for sale, several "technologies" for sale, and "dealerships" for "as little as $30,000." Based on this information, the State alleged in its complaint that defendant had engaged in "unfair or deceptive acts or practices in commerce" in violation of the Act. 9 V.S.A. § 2453(a).
¶ 4. On August 1, 2001, the court issued a temporary restraining order (TRO) prohibiting defendant from "conducting a sales presentation" in Vermont on that day. Defendant followed through with the demonstration, but did not engage in any direct sales activity.
¶ 5. Defendant was served with the State's complaint, and after two extensions of time, filed his answer. In January 2002, the State made its first discovery request and received a largely unresponsive set of answers from defendant, claiming that the vast majority of questions were either irrelevant, overly broad, or elicited confidential information. After a failed attempt by the parties to resolve their discovery issues, the State moved to compel discovery *84 in June 2002. The trial court granted the State's motion and ordered defendant to comply with the State's discovery requests. Both before and after the court issued its order to compel, defendant filed a series of motions in an attempt to block the State's discovery. The court denied each of the motionseach time extending the period for compliance with the orderand defendant continued his noncompliance.
¶ 6. In September 2002, the State moved for sanctions pursuant to Vermont Rule of Civil Procedure 37(b), including an order establishing certain facts and prohibiting defenses. The court allowed defendant one last extension of time, until April 2003, to comply with discovery, "or the State's motion for sanctions [would] be granted," and "could include an order that certain facts are established favorable to the State." Defendant again failed to comply, but filed a motion for a protective order in May 2003. The court denied the motion, and the State renewed its motion for sanctions. In August 2003, the court ordered sanctions against defendant and stated that the facts and allegations alleged in the State's complaint would be taken as established and that defendant would not be allowed to present a defense. Defendant's appeal of that order was dismissed by this Court because it was not a final order.
¶ 7. The State subsequently filed a motion for summary judgment which was granted by the court in February 2004. The court concluded that defendant violated the Act, but reserved the issue of appropriate remedies for later determination. Shortly thereafter, the State sent defendant financial discovery requests to determine his ability to pay civil penalties under the Act. Defendant replied with short answers and tax returns for two of the three businesses that he claimed to own. The State then sent supplemental discovery requests to clarify factual issues raised by defendant's earlier responses, to which defendant failed to respond. The State again filed a motion to compel, and the superior court granted the motion in June 2004. Defendant refused to comply with the court's order, and the State filed another motion for sanctions under Rule 37(b), requesting that the court issue an order establishing facts and prohibiting defenses with respect to defendant's ability to pay penalties and costs.
¶ 8. In September 2004, the court scheduled a hearing on the pending sanctions motion for October 19, 2004, specifying "No telephone. In person." on the entry form. Defendant requested a continuance of the hearing, claiming a scheduling conflict. The court denied the request, finding that there was insufficient information on which to base a continuance. Defendant failed to appear at the hearing, and the court issued an order finding defendant able to pay $20,000 in civil penalties in addition to the State's fees and costs.
¶ 9. In late October 2004, the State filed a motion for summary judgment on the issue of remedies. The court granted the motion in February 2005 and issued an order enjoining defendant from selling or marketing goods or services in or into Vermont; requiring defendant to state on UCSA's website that it does not offer anything for sale in or into Vermont; and awarding judgment to the State in the amount of $20,000 in penalties and $18,177.60 in fees and costs. Defendant now appeals, claiming that the superior court abused its discretion by: (1) issuing an ex parte TRO prohibiting defendant from conducting sales in Vermont on August 1, 2001; (2) granting the State's two motions to compel discovery; (3) imposing sanctions against defendant for failure to comply with discovery; and (4) denying defendant's request to reschedule the hearing on the State's second motion for *85 sanctions. We address these claims in turn.

I. TRO
¶ 10. Defendant's first argument on appeal, that the superior court abused its discretion by issuing the August 1, 2001 TRO, fails for mootness. "Generally, `a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" In re Vt. State Employees' Ass'n, 2005 VT 135, ¶ 10, 179 Vt. 578, 893 A.2d 338 (mem.) (quoting In re Moriarty, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991)). Here, the TRO was effective for one daythe day of the demonstration and enjoined defendant only from selling products or services, which he claims it was not his intention to do anyway. A ruling on the validity of the TRO would be null, as the TRO related only to the one advertised show, and a reversal would at this point have no effect on either of the parties. In any event, however, the superior court acted within its discretion when it issued the one-day TRO based on the State's evidence that: (1) defendant's advertisement offered free electricity for life, (2) UCSA's representative admitted that the technology for free electricity did not exist, and (3) Vermont consumers were expected to attend defendant's show that day as a result of the deceptive advertisement.

II. Motions to Compel
¶ 11. Next, we consider defendant's argument that the superior court abused its discretion by granting the State's two motions to compel discovery. Discovery rulings are entrusted to the broad discretion of the trial court, and will not be disturbed absent a showing that discretion was abused or entirely withheld. Schmitt v. Lalancette, 2003 VT 24, ¶ 9, 175 Vt. 284, 830 A.2d 16. So long as the trial court had a reasonable basis for its actions, we will not interfere with its discovery rulings "even if another court might have reached a different conclusion" on the same issue. State v. Simoneau, 2003 VT 83, ¶ 21, 176 Vt. 15, 833 A.2d 1280 (internal quotations omitted).
¶ 12. Defendant claims that to bolster the discoverability of the information it requested the State erroneously alleged in its first motion to compel that defendant's "deceptive" advertisement "offered various technologies for sale," and that the trial court therefore erroneously granted the motion. We find defendant's argument unpersuasive. The text of the advertisement itself included language inviting Vermonters to "[b]uy a furnace that runs on fumes from your septic tank to heat and cool your home." In addition, defendant's website sold videos, technologies, and "dealerships." Thus, it was not an abuse of discretion for the court to determine that any discovery requests related to defendant's offer of technologies for sale were within the scope of discovery. See V.R.C.P. 26(b)(1) (permitting discovery of any nonprivileged information relevant to the subject matter of the pending action).
¶ 13. Furthermore, we reject defendant's assertion that the court should not have granted the State's motions to compel without an evidentiary hearing on discovery. Vermont Rule of Civil Procedure 78(b)(2)  cited by defendant as requiring the court to grant his requests for a hearing  allows the court to decline a request to present evidence where it finds no genuine issue as to any material fact. Here, the court was justified in determining that no genuine issues of material fact existed pertaining to discovery, as the State's requests fell squarely within the scope of Rule 26(b) and defendant failed to present cogent arguments otherwise. See *86 V.R.C.P. 78(b)(2) ("The request for an opportunity to present evidence shall include a statement of the evidence which the party wishes to offer."). In fact, it was not until oral argument that defendant asserted the State's requests implicated "trade secrets" that should have been privileged from discovery.[2] It was therefore reasonable, and not an abuse of discretion, for the court to compel defendant's compliance with the State's discovery requests related to the underlying violation of the Act as well as defendant's ability to pay penalties.
¶ 14. We decline to address defendant's claim that the lower court's order to compel discovery amounted to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution. Defendant failed to raise the issue at the trial court, and, therefore, we will not consider it on appeal. State v. Ovitt, 2005 VT 74, ¶ 13, 178 Vt. 605, 878 A.2d 314 (mem.).

III. Sanctions
¶ 15. Defendant alleges that the superior court's actions in imposing sanctions for failure to comply with both orders to compel were abuses of discretion. As with other discovery rulings, the decision to impose sanctions for failure to comply with an order compelling discovery "lies well within the trial court's discretion." Manosh v. First Mountain Vt., L.P., 2004 VT 122, ¶ 10, 177 Vt. 616, 869 A.2d 79 (mem.); V.R.C.P. 37(b)(2) (allowing court to make such orders and impose such fees as are just when party fails to comply with order to compel). Here, the trial court acted reasonably when it granted the State's motions for sanctions, and we will not disturb the trial court's orders.
¶ 16. Again, the State's requests for discovery were entirely within the limitations set by Rule 26(b), and the trial court was justified in ordering defendant to comply with those requests. Defendant was allowed numerous extensions of time to comply with discovery and failed to do so on each occasion. Defendant continued his noncompliance even in the face of court orders compelling discovery. Given this history, the superior court had reasonable grounds, and appropriately exercised its discretion, when it imposed sanctions on defendant taking as established the facts set out by the State on the issues of liability and remedies. See V.R.C.P. 37(b)(2)(A) (authorizing trial court to designate that certain facts are established for purposes of the action when a party fails to comply with an order to compel).
¶ 17. Nor are we persuaded by defendant's contention that the superior court was required to make findings on the record prior to imposing such sanctions. When a trial court imposes the ultimate sanction of dismissal, we require findings of fact to show bad faith or deliberate and willful disregard of the court's orders, as well as prejudice to the opposing party. John v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 517, 519, 394 A.2d 1134, 1135 (1978); see also V.R.C.P. 37(b)(2)(C) (authorizing trial court to dismiss action for failure to comply with order to compel). Here, however, dismissal was not ordered, and defendant was allowed additional opportunities to argue against the relief sought by the State in response to its motions for summary judgment. Regardless of the sanctions imposed on defendant, the trial court's ruling on liability hinged on the *87 incontrovertible facts that: (1) the advertisement for the August 1, 2001 show offered "free electricity," (2) the technology for "free electricity" did not yet exist, and (3) defendant planned to engage in sales to Vermont consumers, as evidenced by the text of the advertisement and the commercial nature of UCSA's website. Thus, defendant was in no way prejudiced by the court's order establishing the facts as alleged by the State.

IV. Hearing Schedule
¶ 18. Finally, defendant challenges the superior court's refusal to reschedule the October 19, 2004 hearing on sanctions as an abuse of discretion. Defendant was given twenty days' notice of the upcoming hearing but requested a "short adjournment to accommodate a calendar conflict for a previously scheduled critical business meeting." The trial court denied the request, citing defendant's repeated attempts at delaying the proceedings and the insufficiency of information to support the request for a continuance. We can discern no function that is more appropriately left to the broad discretion of the trial court than the scheduling of hearings and find no abuse thereof.
Affirmed.
NOTES
[1] While the text of the advertisement in the Burlington Free Press was identical to that in the Caledonia Record, the second sentence appeared in capital letters in one publication and lower-case letters in the other.
[2] While defendant responded to numerous discovery requests from the State by asserting that the information was "privileged, confidential and classified," he provided no basis for these assertions and made no mention of "trade secrets" until his oral argument before this Court.