2007 VT 118

### In re YOUNG'S TUTTLE STREET ROW

[939 A.2d 521]

No. 07-029

¶ 1. October 22, 2007. Abutting landowner, Colleen Steen, challenges an order of the Environmental Court, granting

summary judgment to landowners, Lawrence and Barbara Young, in her suit to revoke zoning approval of the extension of an easement. The Environmental Court ruled that Steen's action was both untimely and moot. Because we agree that Steen's appeal is moot, we affirm.

¶ 2. The underlying dispute concerns the use of a right-of-way known as Tuttle Street, or the Tuttle right-of-way, which runs over land owned by the First Baptist Church of Fairfax (Church) and provides access between Route 104 in Fairfax and land owned by the Youngs. Route 104 runs in a north/south direction in front of Steen's land and that of the Church, Steen's property lying to the north. The Youngs' land lies to the west of both parcels. In 1982, the Church granted the Youngs a right-of-way running over the northern portion of its land, very close to the boundary with Steen. No permission was sought from the Town of Fairfax to use this easement. The Youngs used it to access their land and business without incident, and without complaint from Steen, until 1996 when they agreed with the Church that the easement could also be used to access a recently-purchased parcel of twenty acres, lying to the north of their main parcel. The Youngs sought permission from the Fairfax Zoning Administrator to extend the 1982 easement. Ultimately, the Fairfax Zoning Board of Adjustment (ZBA) approved the extension requested by the Youngs. The Youngs thereafter conveyed the twenty-acre parcel to their son and daughter-in-law, who, in 2001, subdivided the parcel into four lots. In approving the subdivision, the Fairfax Planning Commission determined that the subdivision could be reached only by the use of a nearby route known as Goodall Street. In addition, there was litigation over the use of the Youngs' property "which resulted in an order including a condition from the parties' stipulation that the access shown as Tuttle Street will not be used for any purposes for access to this subdivision."[*] The right-of-way through the Youngs' property was discontinued.

¶ 3. In May of 2004, Steen petitioned the Fairfax Zoning Administrator to revoke the 1996 ZBA permit that authorized the extension of the right-of-way. After the Administrator denied her request, Steen appealed to the Fairfax Development Review Board, which upheld the Administrator's determination. She then sought review in the Environmental Court, which rejected her appeal. Although she questioned the validity of the original easement, the only relief she sought was revocation of the 1996 ZBA approval of the subdivision. The court concluded, inter alia, that her case was moot, because the 2001 Planning Commission decision superseded the 1996 ZBA approval in prohibiting further use of the extension to access the subdivided plots. This appeal followed.

¶ 4. A case becomes moot when the issues presented are no longer "live" or when the parties no longer have a legally cognizable interest in the outcome. *In re S.H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982). In particular, when a tribunal has already granted the relief requested, the appellate case is moot, because "the reviewing court can no longer grant effective relief." *In re Moriarty*, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (quotation omitted). Where future harm is at issue, the existence of an actual controversy " 'turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance.' " *In re Boocock*, 150 Vt. 422, 424, 553 A.2d 572, 574 (1988) (quoting *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 147, 446 A.2d 792, 794 (1982).)

---

[*] The parties have not provided the Court with more detail on the scope and issues in the other litigation.

¶ 5. Arguing that her appeal is not moot, Steen invokes the threat of future injury mentioned in *Boocock*. In particular, she reasons that both the 1996 decision approving the extension of the right-of-way and the 1982 agreement originally granting the right-of-way were not in compliance with zoning regulations and bylaws in effect in Fairfax. Thus, she contends that her property rights will be harmed by the Youngs' continued, nonconforming use of Tuttle Street, and her appeal is not moot.

¶ 6. We stress that Steen has sought as relief only the revocation of the 1996 extension permit and not discontinuance of the 1982 easement to reach the Youngs' property from Route 104. Thus, we cannot agree with Steen's reasoning, because we are not convinced that the 1996 proceeding determined the legality or propriety of the original right-of-way. The decision of the ZBA approved only "the extension of Tuttle Street as a shared drive to the property" subsequently acquired by the Youngs. In no way did it address whether the original easement was in compliance with the relevant zoning regulations or bylaws.

¶ 7. Because Steen challenges only the 1996 decision, she can question only what the Board actually concluded in that hearing, namely, that the Youngs' easement should be extended. Because the 2001 Planning Commission decision and the stipulation in the other litigation in the Environmental Court precluded the Youngs or their successors-in-interest from using the extension, any future injury to Steen that may have resulted from that use was averted. To the extent that she could receive any relief from revocation of the 1996 decision, that relief has already been granted, and her current appeal is moot. Because the appeal is moot, we do not reach the other issues she raises.

*Affirmed.*