*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-122

OCTOBER TERM, 2013

| | | |
|---|---|---|
| Deutsche Bank National Trust | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| Bruce E. Merritt, Gloria King Merritt and | } | DOCKET NO. 525-7-09 Wrcv |
| Indymac Bank | } | |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant homeowners seek to appeal the trial court's order granting substitute plaintiff bank's motion to dismiss this foreclosure action without prejudice. Homeowners raise several arguments regarding bank's standing to enforce homeowners' promissory note, and seek an order dismissing the case without prejudice specifying bank's lack of standing as the basis for the dismissal, ordering that any legal charges, assessments and fees assessed by a bank against homeowners in connection with this action be removed from their mortgage debt, and ordering that initial plaintiff OneWest return all mortgage payments received from homeowners with statutory interest. We conclude that following the court's order dismissing the case without prejudice there are no live issues in the present case and the appeal is moot. To the extent defendants seek additional relief, they cannot now pursue those claims in the context of an appeal of the now-dismissed foreclosure action.

OneWest Bank, FSB filed a complaint for foreclosure in July 2009, alleging that homeowners had failed to make scheduled payments due under a note executed by homeowners in favor of IndyMac Bank, F.S.B. Attached to the complaint was a purported copy of the note. Homeowners answered, agreed that they were behind on their payments, and requested six months to redeem. Homeowners did not make any counterclaims against OneWest. In December 2009, the court denied without prejudice OneWest's initial motion for summary judgment, explaining that the bank needed to provide documents by an officer with corporate authority to show the chain of conveyances between IndyMac and OneWest.

OneWest promptly refiled for summary judgment and attached a bill of sale documenting the transfer of IndyMac's assets to OneWest as well as an affidavit from a corporate officer averring that the bank held the original note. By entry order in February 2010, the court granted OneWest's motion and requested the bank prepare a judgment order after the clerk prepared an accounting. Shortly thereafter, homeowners objected to the clerk's proposed accounting and moved to dismiss the foreclosure on the ground that OneWest did not have standing to foreclose on the note in question. In March 2010, the court held a status hearing and ordered the parties to

mediate before judgment issued. In June 2010, the court held another hearing at which the parties represented that they had reached an agreement. The court put the case on hold pending negotiation of the settlement.

In October 2010, while the case was still essentially "on hold" pending settlement negotiations, OneWest filed a motion to strike its request for judgment, stating that it was conducting "a national review of all paperwork filed relative to all pending foreclosure actions" and would "re-file, as necessary." The trial court granted the motion.

In June 2012, OneWest filed a motion to substitute parties explaining that Deutsche Bank National Trust Company owned the note homeowners gave to IndyMac and that OneWest had assigned its mortgage interest to Deutsch Bank, such that Deutsch Bank was the proper party in interest. Homeowners opposed the motion and moved to dismiss for lack of standing. They essentially argued that Deutsche Bank had owned the note and mortgage all along, and that at the time the foreclosure action was filed, OneWest did not own the original note and mortgage and did not have standing to initiate a foreclosure. Homeowners argued that the case should therefore be dismissed, and that OneWest could not remedy its lack of standing when it filed the complaint by substituting the proper party three years later. See U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81, ¶ 10, 190 Vt. 210. Homeowners also requested that the court preemptively rule that any legal fees and costs billed or anticipated to be billed to homeowners on account of the "false filing of foreclosure" be ruled inapplicable, and asserted that monies it had paid to OneWest pursuant to a forbearance agreement had not been properly accounted for.

In November 2012, the court granted OneWest's motion to substitute parties, and denied homeowners' motion to dismiss for lack of standing. With respect to homeowners' motion, the court explained that the complaint on its face made allegations sufficient to support standing, so the court could not dismiss the case pursuant to a motion to dismiss. If homeowners wanted to present evidence to disprove OneWest's allegations supporting its claim that it had standing to file the foreclosure, then they could file a motion for summary judgment. The court made it clear that it was not ruling either way on the question of whether OneWest actually did have the original promissory note and authority to foreclose on the mortgage when it filed the foreclosure action.

In January 2013, Deutsch Bank, as substitute plaintiff, moved to dismiss the action without prejudice, explaining that homeowners had executed a loan modification and were now current on their loan. On February 20, 2013, the court granted Deutsch Bank's motion to dismiss without prejudice. On the same day, the court denied as moot homeowners' pending motions for discovery. Homeowners subsequently filed a motion for summary judgment, and on March 13, 2013 the court denied it as moot. On March 20, 2013, homeowners filed this appeal.

On appeal, homeowners argue that the court erred in several ways, most importantly in not dismissing this action specifically on account of OneWest's lack of standing. Homeowners request that this Court dismiss the complaint for lack of standing, preclude the bank from assessing any fees or legal charges against homeowners on account of this action, order OneWest to pay them back the payments homeowners made to OneWest with interest, and remand the case to the superior court "for a damages hearing."

2

Deutsch Bank argues that this Court cannot consider the merits of homeowners' appeal because a voluntary dismissal order is not a final order subject to appeal; homeowners failed to file a request to appeal within ten days following judgment, which it asserts is required by Vermont Rule of Civil Procedure 80.1; homeowners' claims are moot; and, homeowners did not preserve their claims for appeal. On the merits, the Deutsch Bank argues that OneWest had standing at the time it filed the foreclosure action.

Because we conclude that homeowners' claims are moot in the context of this case, we need not address the question of whether a voluntary dismissal without prejudice is an appealable order, and need not reach the substantive arguments raised by either bank or homeowners.[1] This Court's authority is limited to deciding only "actual controversies arising between adverse litigants." Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430 (quotation omitted). To have jurisdiction over an appeal, the case "must present a live controversy at all stages of the appeal, and the parties must have a legally cognizable interest in the outcome." Id. (quotation omitted). An action "becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." State v. Lee, 2007 VT 7, ¶ 10, 181 Vt. 605 (mem.) (quotation omitted).

Here, the matter is moot because there is no live controversy between the parties and this Court is unable to grant homeowners any further relief. The only claims pending before the superior court were the bank's foreclosure claims. The bank voluntarily dismissed its claims. Homeowners had no counterclaims that kept a live issue in front of the court once the bank voluntarily dismissed. Therefore, the controversy between the parties that was before the superior court was extinguished, and is no longer a live legal controversy. In addition, there is no further relief that this Court can grant to homeowners in connection with this case. In response to the banks' claims, homeowners sought dismissal without prejudice. That is exactly the remedy granted by the superior court. This Court can grant no further relief than that already granted by the trial court and therefore the case is moot. See In re Young's Tuttle Street Row, 2007 VT 118, ¶ 4, 182 Vt. 631 (mem.) ("[W]hen a tribunal has already granted the relief requested, the appellate case is moot, because the reviewing court can no longer grant effective relief." (quotation omitted)).

To the extent that homeowners seek an advisory opinion from this court to the effect that OneWest did not have standing when it filed the foreclosure action, we cannot oblige. Homeowners did not file their motion for summary judgment on this issue until after the case was dismissed, and so the trial court, properly, never ruled on the question. Homeowners' other requests—for an order precluding the banks from assessing legal fees against them in connection with what they allege to have been a wrongful foreclosure action, and for return of the unaccounted-for monies they paid to OneWest—were not squarely before the court in this action once the case was dismissed. We express no opinion on the merits of these additional claims, but also note that nothing about this decision precludes homeowners from seeking, in a separate legal action, relief concerning monies they believe they can show to have been improperly

---

[1] We do squarely reject Deutsch Bank's argument that if a voluntary dismissal of a foreclosure action is appealable, V.R.C.P. 80.1(m) requires that a party appeal within 10 days. The ten-day appeal requirement in the rule is expressly directed at judgments "for foreclosure of the mortgage." V.R.C.P. 80.1(m).

3

accounted for, or from fees and legal charges they believe to have been wrongly assessed against them by a bank.

Appeal dismissed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

4