*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-475

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| Douglas S. Cavett | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito | } | DOCKET NO. 710-7-15 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of the Department of Corrections (DOC), appeals pro se from a superior court order dismissing his complaint seeking an injunction to compel the DOC to provide him with three meals per day on court days. We affirm.

The material facts may be summarized as follows. On July 8, 2015, plaintiff filed a grievance with correctional staff alleging that, while attending a court hearing, he did not receive a bag lunch or an additional meal when he returned to the prison later that day. Correctional staff responded on the same day, admitting the oversight and stating that a bag lunch would be provided in the future. Plaintiff filed an additional grievance the next day, July 9, 2015, alleging that he had again been deprived of a bag lunch. Correctional staff responded the following day, indicating that any omission was based on their information concerning plaintiff's court schedule, and that in the future he would either be provided a bag lunch or "double up meals" when he returned if the court date ran over. On July 14, 2015, plaintiff appealed the grievance decisions to the "corrections executive," and the next day, July 15, 2015, he filed an appeal with the Commissioner. Under DOC policy, the Commissioner had twenty days to respond to an appeal.

On July 21, 2015, less than a week after filing the administrative appeal and before any ruling by the Commissioner, plaintiff filed in the superior court a complaint for injunctive relief, seeking an order "to provide 3 meals for [plaintiff] on court days." Plaintiff also filed a motion seeking to compel disclosure of an audiotape that allegedly showed the correctional officer at court denying his meal request. In September 2015, the State moved to dismiss, asserting that plaintiff had failed to exhaust his administrative remedies before filing the complaint, and that the matter was moot because correctional staff had already granted plaintiff's request. Attached to the State's motion were plaintiff's grievance forms and the correctional staff responses, as well as the Commissioner's decision, issued in August 2015, which acknowledged that plaintiff should have been provided an extra meal on the days in question, and affirmed that procedures had been put in place to assure that it did not happen again. Plaintiff filed an opposition to the State's motion, together with a number of additional exhibits. In December 2015, the court issued a brief order,

concluding that plaintiff had failed to state a claim for relief, and dismissing the case. The court also denied plaintiff's motion to compel disclosure of the alleged audiotape. This appeal followed.

"This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." Jordan v. State, 166 Vt. 509, 511 (1997). Furthermore, "[a] party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." Id. It is undisputed here that plaintiff had not exhausted his administrative remedies before filing his complaint in superior court, and therefore the complaint was properly dismissed for lack of subject matter jurisdiction. The record shows, furthermore, that the DOC has granted the relief requested, and the case is therefore moot. See In re Young's Tuttle Street Row, 2007 VT 118, ¶ 4, 182 Vt. 631 (mem.) ("[W]hen a tribunal has already granted the relief requested, the appellate case is moot, because the reviewing court can no longer grant effective relief.") (quotation omitted).[1]

Plaintiff's arguments on appeal are unavailing. He contends the court erred in failing to order discovery and hold a hearing. The court acted well within its discretion, however, in deciding the matter without a hearing under V.R.C.P. 78(b)(2),[2] as there was no genuine issue of material fact, and plaintiff has not shown how additional discovery would have altered the result. Plaintiff also suggests that the State violated the Eighth Amendment prohibition against cruel and unusual punishment and his right to due process. As noted, the only prospective relief that plaintiff sought—an order requiring that he be provided with three meals a day in the future—has already been granted. Accordingly, these claims are equally moot. We thus discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[1] We note that, in relying on the State's exhibits, the court essentially converted the motion to dismiss to one for summary judgment under V.R.C.P.12(c). Although the court did not notify the parties of the changed status of the motion, plaintiff was afforded an opportunity to oppose the motion, submitted extra-pleading materials of his own, and readily acknowledged that he had filed the grievances appended to the State's motion. Accordingly, any procedural defect in this regard was effectively cured. Fitzgerald v. Congleton, 155 Vt. 283, 293-94 (1990).

[2] V.R.C.P. 78(b)(2) provides that the court need not conduct an evidentiary hearing on a motion where it "finds there to be no genuine issue as to any material fact" and "[i]n any case, . . . may decline to hear oral argument and may dispose of the motion without argument."