STATE OF VERMONT

Docket No. 157-11-17 Vtec

| Heney Zoning Permit Approval |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Appeal from ZA (157-11-17 Vtec)

Title:              Motion to Quash Subpoenas (Motion 10)

Filer:             Stephen Heney

Attorney:      William Heney

Filed Date:    October 19, 2018

Response in Opposition filed on 10/24/2018 by Attorney Liam L. Murphy for Appellants Daren and Tara Smith

**The motion is DENIED.**

This Court conducted a site visit and trial on October 2 and 3, 2018. We scheduled additional days of trial beginning November 27, 2018. In the interim, the Smiths issued subpoenas to four of the Heneys' non-party witnesses: Katherine Knox, James Thompson, Chris Haggerty, and Justin Willis. The Heneys move to quash the subpoenas. At the conclusion of their motion to quash they also argue for sanctions and a protective order barring the Smiths from further discovery without Court permission.

This Court has broad discretion in discovery rulings. State v. Lee, 2007 VT 7, ¶ 11, 181 Vt. 605 (mem.) (citing Schmitt v. Lalancette, 2003 VT 24, ¶ 9, 175 Vt. 284). In evaluating a discovery request, we keep in mind that the purpose of discovery is to allow parties "to acquire the fullest knowledge of relevant facts so that cases are decided 'by what the facts reveal, not by what facts are concealed.'" Chrysler Corp. v. Makovec, 157 Vt. 84, 89 (1991) (quoting Jampole v. Touchy, 673 S.W.2d 569, 573 (Tex. 1984)). Further, "liberal discovery" is preferred when expert testimony is involved, both to guide the Court's fact-finding and to afford opposing counsel the opportunity to effectively cross-examine the expert. Stella ex rel. Estate of Stella v. Spaulding, 2013 VT 8, ¶ 18, 193 Vt. 226 (quoting Weiss v. Chrysler Motors Corp., 515 F.2d 449, 457 (2d Cir. 1975)); see also V.R.C.P. 26(b)(5)(A)(iii). Benefits of discovery must be balanced against potential hazards, including delay, expense, and tactical abuse. V.R.C.P. 26(b)(2)(B).

The information the Smiths requested is directly relevant to the issues raised during the first two days of trial. Two of the three active subpoenas pertain to expert testimony.[1] The information will promote a complete record and effective cross-examination of the witnesses.

---

[1] The Heneys represented Mrs. Knox as an expert prior to trial, but she only testified on factual matters. The Heneys have indicated that Mr. Haggerty and Mr. Willis will testify as experts on their behalf when trial resumes.

Mr. Thompson responded to the subpoena before the motion was filed, informing the Smiths that he does not have any responsive documents. His subpoena is no longer relevant to the motion.

Further, the request is not new or unfounded, but instead reiterates the Smiths' previous discovery requests.

The request does not impose an undue burden or cause delay for the witnesses or the Heneys. Mr. Haggerty and Mr. Willis have assembled the documents and await the outcome of this motion. Mrs. Knox already referenced some of the requested information in her testimony, so she presumably has the relevant documents near at hand. The Heneys are likely familiar with the information given that these are their witnesses. If not, they have five weeks before trial resumes.

For the same reasons, sanctions are not warranted and there is not good cause for a protective order. The Heneys offer minimal argument on these points. Counsel for the Smiths did not issue the subpoenas to improperly harass or delay, nor is the request unreasonable or unduly burdensome. See V.R.C.P. 26(c), (g). Further, the email correspondence between opposing counsel included with the Heneys' motion shows a good faith effort by Attorney Murphy to resolve the matter without involving this Court pursuant to V.R.C.P. 26(h).

The Heneys' motion to quash the subpoenas is **DENIED.** Katherine Knox, James Thompson, Chris Haggerty, and Justin Willis shall respond to the subpoenas. To the extent the Heneys move for sanctions and a protective order, that request is also **DENIED**.

So ordered.

Electronically signed on October 29, 2018 at 09:50 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Liam L. Murphy (ERN 3953), Attorney for Appellants Daren and Tara Smith
William Heney (ERN 9255), Attorney for Appellees Stephen and Jennifer Heney
David W. Rugh (ERN 1507), Attorney for Interested Person Town of Richmond