Filed 12/17/24

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02102

---

**Aero Properties, LLC v. Aero Communications, LLC, aka Aero Utilities, Ltd**

---

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion to Quash; Motion Notice of Deposition; for Protective Order (Motion: 1; 2) |
| Filer: | David E. Bond; Victoria E. K. Taravella |
| Filed Date: | November 18, 2024; November 26, 2024 |

This case arises from a house collapse on April 23, 2023 with the following alleged to have occurred: Defendant, Aero Communications, LLC (Communications) was hired to dig a trench to the house's basement for the purpose of laying conduit. A Communications employee completed their work for the day and left the site. The house collapsed later that day. Aero Properties, LLC (Properties) is now suing Communications for Breach of Contract and Negligence. Properties and Communications are separate companies under common ownership of Mr. Anthony Otero (Otero).

The ruling on the motions, for the reasons herein, are:

1. Properties' Motion to Quash Notice of Deposition is denied.

2. Communications' Motion for a Protective Order is denied.

### Facts

On November 5, 2024, Communications served a V.R.C.P. 30(b)(6) Notice of Deposition on Properties, demanding that Properties produce a corporate witness to testify on its behalf. Properties informed Communications that it would designate Otero as its corporate deponent as he is the only agent of Properties with knowledge of the underlying events. Communications had rejected this designation in an email prior to the date of notice. Properties then filed the pending motion to quash, and Communications filed a motion for protective order to prevent Properties from using Otero as its 30(b)(6) deponent.

### Discussion

**The Motions are denied because the parties have not sufficiently conferred with each other pursuant to V.R.C.P. 26(h).**

This Court has broad discretion in discovery rulings. *State v. Lee*, 2007 VT 7, ¶ 11, 181 Vt. 605 (mem.) (citing *Schmitt v. Lalancette*, 2003 VT 24, ¶ 9, 175 Vt. 284). The Vermont Rules

of Civil Procedure "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." V.R.C.P. 1. Rule 26(h) provides "[c]ounsel have the obligation to make good faith efforts among themselves to resolve or reduce all differences relating to discovery procedures and to avoid filing unnecessary motions." Additionally, the Rule provides:

> No motions pursuant to Rules 26 and 37 shall be filed unless counsel making the motion has conferred with opposing counsel or has attempted to confer about the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

V.R.C.P. 26(h).

In the Court's view, neither party's request for a discovery order complies with the letter and spirit of Rule 26(h). Here, the only evidence of conference between counsel is five exchanged emails with each other over a period of twenty days. Neither party submitted a certification. Typically, letters and even emails between counsel are insufficient to meet Rule 26(h)'s demand that counsel "confer" to resolve or narrow the scope of any discovery dispute.

In the normal course, the Court expects that counsel will "converse, confer, compare views, consult and deliberate," *Augustine v. Adams,* No. 95-2489-GTV, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) (internal quotation omitted), in advance of seeking discovery orders. See *Tri-Star Pictures v. Unger,* 171 F.R.D. 94, 99 (S.D.N.Y. 1997); *Shuffle Master v. Progressive Games,* 170 F.R.D. 166, 172 (D. Nev. 1966) (similarly interpreting analogous federal rules). Usually, one or even a few unproductive letters do not meet the requirement that counsel confer. See *Wilbert v. Promotional Resources,* No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999); *Prescient Partners, LP v. Fieldcrest Cannon, Inc.,* No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998)) (conferring requires "live exchange of ideas and opinions" (internal quotation omitted)).

The brief email exchange between counsel do not reflect any substantive discussions or meetings concerning the instant dispute or an effort to resolve the matter without involving this Court. Additionally, the brief period between the emails and the Motion to Quash indicate a lack of substantive conference between the parties. Thus, this Court concludes that the parties have not complied with Rule 26(h).

## ORDER

The Court denies the Motions without prejudice for failure to adequately confer in accord with Rule 26(h).

**Signed Electronically on December 16, 2024 pursuant to V.R.E.F. 9(d).**

David Barra
**Superior Court Judge**