Filed 08/25/25

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02848

---

**John Durkee, Executor of the Estate of H. Blaisdell, Jr. v. Trini Brassard, et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Discovery Sanctions against Defendants: D. Brassard and Brassard Sugarworks & Maple Supply LLC (Motion: 20)
Filer:          Elizabeth A. Willhite
Filed Date:     July 24, 2025

A motion hearing shall be scheduled

The Court will schedule a motion hearing on Plaintiff John Durkee's motion for sanctions and costs related to the alleged delays and non-compliance by Defendant with the Court's April 30, 2025 Order, including the evidence of purposeful destruction of financial records.

Due to the Court's schedule, this hearing cannot occur prior to the parties' scheduled September 9th mediation. Therefore, the Court will order the following intermediate relief that is intended to address some of Plaintiff's concerns.

First, the Court will remind the parties that the purpose of discovery is to facilitate the open and fair exchange of relevant information. *Stella ex rel. Estate of Stella v. Spaulding*, 2013 VT 8, ¶ 14. By the end of the discovery, each side should have the relevant documents and information that will allow them to try their case and to understand the other side's position. Id. As the *Stella* court notes, discovery makes trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Id. (quoting *Meacham v. Kawasaki Motors Corp.*, 139 Vt. 44, 46 (1980).

In practice, this often means that parties must disclose information that weakens their position just as they must disclose information that strengthens it. That is because the measurement of discovery is not what impact this information has on "my case" but is it a:

[N]onprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

V.R.C.P. 26(b). Good, bad, ugly, or otherwise, this is the broad standard for discovery, and it is the expectation of the courts that parties will exchange this information as requested within a minimum of drama.

Concurrent to this obligation is the obligation that parties do not destroy, alter, or render unreadable any material that is related to existing, pending, threatened, or reasonably foreseeable litigation. *The Cincinnati Ins. V. Plouffe*, Dckt. No. 235-4-18 Wncv, at *3 (Jul. 27, 2021) (Bent, J.) (describing the common law duty to preserve documents and records).

The allegations that a party has not complied with a court order to produce documents or that they have destroyed or rendered the documents unreadable are serious allegations. The Court can impose impose sanctions on such behavior that include precluding the Defendants from using any evidence that would have been responsive to the missing or illegible documents, a finding from the court under the doctrine of spoliation that the missing information implicated the Defendants, or other similar consequence. *Stella*, 2013 VT 8, ¶ 21. In addition, the Court is within its authority under Rule 37 to impose legal costs on a party for the attorney fees and related costs incurred in this motion. The Court will consider such sanctions at the hearing in this matter to the extent that Plaintiff can establish that Defendant did not comply with the Court's April order; that there was substantial delay; and that information has been destroyed or sent in an illegible manner to render the documents unusable.

At the same time, the Vermont Supreme Court has established that the ultimate sanction of dismissal or default judgment requires more proof than simply non-compliance or negligence. It requires findings of "bad faith or deliberate and willful disregard of the court's orders, as well as prejudice to the opposing party." *State v. Lee*, 2007 VT 7, ¶ 17. The hearing in this matter will look to understand to what extent Defendant's actions were willful and to what specific extent Plaintiff has been prejudiced in bringing and prosecuting its claims.

With this framework in place, the Court returns to the underlying purpose of discovery, which is not to impose sanctions or create traps for the unsuspecting, but to ensure that there is free

exchange of information according to the scope and standards of Rule 26 and the accompanying rules of discovery. Given that the parties are heading into mediation and the shadow of an unresolved discovery hearing is likely to create more roadblocks than turnpikes to settlement, the Court finds that Defendant should have a final deadline.

Defendant Daniel Brassard is directed to produce any and all documents, which Plaintiff has requested and which are detailed in Plaintiff's August 14, 2025 Reply and includes the following categories:

(1) Any records produced to date that have been identified as illegible or redacted.

(2) Additional banking records identified in Plaintiff's interrogatory #2, which should at a minimum include Defendant's records related to Brassard Self-Storage, LLC and deposited checks or deposit slips for Brassard Sugarworks and Maple Supply, LLC.

(3) Unredacted versions of deposited checks.

Defendant Daniel Brassard shall produce any and all documents that are responsive to these categories and shall produce these documents to Plaintiff no later than 4:30 pm on September 2, 2025. Compliance with this Order will give Plaintiffs limited but sufficient time to review the documents for mediation, and it is likely to go a long way toward curing any potential issue of prejudice that Plaintiff has raised in his filings.

Whether or not Defendant Brassard complies with this Order, the parties shall continue to mediation, but Plaintiff shall update the Court after mediation as to whether Defendant complied with this Order, and such compliance will factor into the Court's decision on Plaintiff's pending discovery motion.

**So Ordered.**

Electronically signed on 8/23/2025 10:59 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge