Petition of **VERMONT ELECTRIC COOPERATIVE, INC.**

[687 A.2d 883]

No. 93-525

April 29, 1994. This case arises out of an attempt by the Village of Derby Line, under the Municipal Enabling Act, 30 V.S.A. §§ 2901-2925, to acquire Vermont Electric Cooperative's facilities serving the Village. The idea for the attempt originated at a meeting of the Village trustees in February 1986. At a March 1986 informational meeting, the Village trustees decided to place on the annual village meeting ballot the question whether the Village should allocate $200,000.00 to acquire VEC's plant in Derby Line. At the village meeting the Derby Line voters overwhelmingly approved acquisition of the plant. On April 2, 1986, a day later, the trustees notified VEC by letter, as required by 30 V.S.A. § 2906, and inquired if VEC was willing to sell its plant in the village. On June 26, 1986, under 30 V.S.A. § 2907, VEC responded to the village's inquiry.

In a proceeding before the Public Service Board the Village asserted that VEC's response was negative and that it was consequently authorized to take the plant by eminent domain. 30 V.S.A. § 2910. VEC, however, claimed its response was affirmative and petitioned the Board to determine the amount of plant and property to be purchased by the Village under 30 V.S.A. § 2909. In its December 14, 1988 order, the Board concluded that VEC's response to the Village was affirmative under 30 V.S.A. § 2907 and remanded VEC's petition to the hearing examiner for further proceedings.

In 1990, both parties filed testimony before the examiner and, in January 1992, a hearing schedule was set. Finally,

in February 1992, VEC provided a detailed list of electric plant that it proposed to transfer to the Village in response to the April 2, 1986 notice. Notwithstanding this proposal, on May 25, 1992, VEC filed a motion to dismiss the proceedings relating to the Village's attempt to acquire the electric facilities. VEC alleged the meetings conducted by the Village preceding the April 1, 1986 vote and the April 2, 1986 action of the trustees in signing the notice failed to comply with statutory requirements of the Municipal Enabling Act and Vermont's Open Meeting Law. 30 V.S.A. ch. 79; 1 V.S.A. § 312.

The hearing examiner determined that the February 1986 and March 1986 meetings were valid but that the April 2, 1986 signing of the notice to VEC failed to comply with Vermont's Open Meeting Law. The Board upheld the hearing examiner's determination and dismissed the petition.

The Village appeals the determination that the action of signing the April 2 notice failed to comply with the Open Meeting Law. VEC cross-appeals the Board's determination that the February and March meetings complied with the Municipal Enabling Act and the Open Meeting Law. We reverse the Board's decision with respect to the April 2, 1986 notice and affirm the cross-appeal.

The doctrine of laches precludes VEC's motion to dismiss. "Laches is the failure to assert a right for an unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right." *Stamato v. Quazzo*, 139 Vt. 155, 157, 423 A.2d 1201, 1203 (1980). "[C]ircumstances which constitute laches involve questions of fact with the ultimate conclusion to be based thereon being a question of law." *Laird Properties v. Mad River Corp.*, 131 Vt. 268, 282, 305 A.2d 562, 570 (1973). "However, laches is so much a matter of discretion by the lower court" that its action will not be disturbed unless "clearly shown to be wrong." *Id.*

The Board stated that laches was one of Derby Lines most important arguments against the proposed motion but concluded that "the facts would [not] support a finding" of laches. We disagree with the Board's conclusion and hold that the facts support a finding of laches as a matter of law. Notably, the fact that VEC had informed Derby Line in 1986 that it "explicitly reserved judgment on the legal validity of the actions taken by the village," did not reserve an unlimited license to assert procedural violations into the indefinite future. Otherwise, parties in positions similar to VEC could always wait and see how the case developed, and then make procedural claims as "trump cards." Such a practice is fraught with delays and undue expenses.

In any event, over six years elapsed between the April 1, 1986 vote and VEC's motion to dismiss. A six-year delay before asserting procedural violations is patently unreasonable. VEC argues that the Village is responsible for this delay because it failed to comply with VEC's discovery requests. VEC seems to be claiming that the Village refused to produce documents which never existed. There is no connection here between the delay and Derby Line's alleged failure to respond to discovery requests. Derby Line made all pertinent records available when VEC sought information on its notices and meetings with respect to the acquisition. Not until 1992 did VEC visit Derby Line to review those materials. For six years VEC did nothing to further discovery.

The delay worked to the disadvantage of Derby Line. Prejudice resulting from the delay may be actual or implied. *Stone v. Blake*, 118 Vt. 424, 428, 110 A.2d 702, 705 (1955). Here, considerable time and money will be wasted by a grant of VEC's motion. In Derby Line, popular support for the acquisition would likely diminish and voters may not again approve of the acquisition, despite having overwhelm-

ingly approved it in 1986. Even if they did, however, they will have been foreclosed from enjoying the benefits of the acquisition while they duplicate the lengthy and expensive process of acquisition. See *In re Town of Springfield*, 143 Vt. 483, 487, 469 A.2d 375, 376 (1983) (purpose of Municipal Enabling Act is to fulfill a need for electric service at economic rates). To require Derby Line to retrace its steps throughout this process would put an undue burden on its resources. We hold that the facts support a finding of laches. Accordingly, the decision granting VEC's motion to dismiss is reversed.

On the cross-appeal, VEC argues that both the February 1986 and the March 1986 meetings were void for a number of reasons. First, according to VEC, the trustees failed to keep adequate minutes at the meetings. 1 V.S.A. § 312(b)(1). Second, VEC argues that the February meeting was not properly noticed. VEC finally argues that Derby Line's notice of the March 1986 informational meeting was inadequate because it was not given in the same manner as it is given for the annual meeting. 30 V.S.A. § 2904. These issues raised in VEC's cross-appeal also fail because laches, based on the years of delay in raising them, precludes their consideration.

*Reversed.*

Motion for reargument denied October 24, 1996.