15-4123-cv
Cressy v. Proctor

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.
> NICHOLAS G. GARAUFIS,
> *District Judge.**

---

Ronald Cressy,

> Plaintiff-Counter-Defendant – *Appellee*,

v.                                                     Docket No. 15-4123-cv

Kevin Proctor,

> Defendant-Counter-Claimant – *Appellant*.

---

FOR PLAINTIFF-APPELLEE:          DEVIN MCLAUGHLIN, Langrock Sperry
                                 & Wool, LLP, Middlebury, VT.


FOR DEFENDANT-APPELLANT:         MARK P. SCHERZER, Law Office of Mark
                                 P. Scherzer, New York, NY, Richard
                                 Thomas Cassidy, Hoff Curtis,
                                 Burlington, VT.

---

* Judge Nicholas G. Garaufis, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a bench trial, defendant-appellant Kevin Proctor appeals the district court's award of quantum meruit restitution to plaintiff-appellee Ronald Cressy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Standard of Review

The parties dispute the proper standard of review with respect to the district court's decision to award quantum meruit restitution. Proctor argues that "[w]hether quantum meruit damages were properly awarded in the circumstances presented is a question of law reviewed de novo." Appellant's Brief, 27. Cressy argues that "[u]nder both Vermont law and the law of this Circuit, review of this type of decision is limited to abuse of discretion." Appellee's Brief, 9. Proctor cites no authority in support of his position, and we can find none. We are convinced that, under both Vermont law and Second Circuit precedent, review is for abuse of discretion, and to the extent that the decision under review relies on findings of fact, those findings are reviewed for clear error. *See, e.g.*, *Amara v. Cigna Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) ("The district court's award of equitable relief also may be reversed only for an abuse of discretion or for a clear error of law. Where the district court's determinations regarding . . . equitable remedies are supported by findings of fact, such findings are reviewed under the 'clearly erroneous' standard."); *Weed v. Weed*, 968 A.2d 310, 315 (Vt. 2008) ("We review equitable remedies…for a trial court's abuse of discretion.").

2

With respect to the district court's rejection of the equitable affirmative defenses raised by Proctor, the parties agree that review on appeal is for abuse of discretion. With respect to the district court's computation of damages, the parties agree that review is for clear error.

"A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alterations omitted). "A finding of fact is clearly erroneous only if, after reviewing all of the evidence, this Court is left 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Cramer*, 777 F.3d 597, 601 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II. Quantum Meruit Restitution

The central dispute in this case is whether Cressy was entitled to equitable restitution for the benefit his labor conferred on Proctor's business while the parties were in a domestic relationship. Under Vermont law, equitable restitution is "based on an implied promise to pay when a party receives a benefit and the retention of the benefit would be inequitable." *DJ Painting, Inc. v. Baraw Enters., Inc.*, 776 A.2d 413, 417 (Vt. 2001). The proper inquiry is "whether, in light of the totality of circumstances, it is against equity and good conscience to allow defendant to retain what is sought to be recovered." *Legault v. Legault*, 459 A.2d 980, 984 (Vt. 1983). Quantum meruit restitution is awarded when the appropriate measure of damages is the reasonable value of the claimant's labor, regardless of its value to the claimee. *See In re Estate of Elliott*, 542 A.2d 282, 285 n.2 (Vt. 1988) (distinguishing quantum meruit and unjust enrichment measures of restitution).

3

Having reviewed the district court's decision and the record below, we are satisfied that the district court did not abuse its discretion in ruling that quantum meruit restitution was appropriate.

The court heard conflicting testimony regarding the materiality of the benefit conferred by Cressy's labor at Synergy, and, in its role as fact finder at a bench trial, resolved these factual conflicts with its findings that Cressy was a full-time employee with administrative and clerical responsibilities who ran the day-to-day operations of the company. The evidence adduced at trial permitted this interpretation. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012) (quoting *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008)). It was not clear error for the district court to find that Cressy's labor rendered a material benefit to Proctor.

Proctor puts much emphasis on the undisputed facts showing that Cressy enjoyed an affluent lifestyle in the parties' shared household during the time he was working for Synergy. He argues that Cressy, though not compensated by paycheck, was richly compensated by this lifestyle, paid for by Proctor. The district court rejected that argument, however, and ruled that whatever lifestyle benefits Cressy enjoyed were part of the normal exchange of domestic benefits in a domestic relationship. We agree with the district court. As Proctor's domestic partner, Cressy would have expected to enjoy those sorts of lifestyle benefits, regardless of whether he contributed to Proctor's business. By contrast, Cressy's labor as a full-time employee of Synergy was not within the scope of the normal exchange of domestic benefits; Proctor could not have reasonably expected to enjoy the benefits of Cressy's labor as a matter of course by virtue of the fact of their relationship alone.

The controlling case under Vermont law is *Harman v. Rogers*, 510 A.2d 161, 165 (Vt. 1986), which also involved an unmarried couple, one of whom ran the day-to-day operations of a business owned by the other and was not compensated. There, the Vermont Supreme Court ruled that "[t]he only conclusion that can be fairly and reasonably drawn is that plaintiff's services in this regard materially benefitted the defendant" and directed the Superior Court to make a determination of the appropriate amount of restitution. *Id.* Proctor points to no relevant distinction between the facts before us and those in *Harman*. We see no abuse of discretion in the district court's decision to award restitution for Cressy's labor.

### III. Laches and Estoppel

The district court correctly rejected Proctor's assertion of laches. "Laches is the failure to assert a right for an unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right." *Chittenden v. Waterbury Ctr. Cmty. Church, Inc.*, 726 A.2d 20, 30 (Vt. 1998) (quoting *In re Vermont Elec. Coop.*, 687 A.2d 883, 884-85 (Vt. 1994)). As the district court noted, Cressy had no reason to raise his restitution claim prior to the dissolution of the parties' domestic relationship. It was not unreasonable or inexplicable for him not to assert his right to restitution before the parties ended their relationship. The district court did not abuse its broad equitable discretion in rejecting laches.

Proctor's assertion of estoppel by acquiescence rests on essentially the same grounds as his assertion of laches. It, too, was correctly rejected by the district court for the same reasons it rejected the assertion of laches. Cressy had no reason to raise his claim while the parties were still in a domestic relationship. There was no abuse of discretion in the district court's rejection of estoppel.

5

## IV. Computation of Damages

The district court computed damages based on an earnings period from the middle of 1994 through February 2008, the period during which Cressy was a full-time employee of Synergy, and a base yearly salary of $40,000 in 1994, with annual salary growth. The parties stipulated that this would yield an award of $107,957. Proctor challenges the validity of the earnings period and the yearly salary figures the district court used.

We see no clear error in the earnings period used by the district court. The district court found that the benefit of Cressy's full-time labor began accruing to Proctor when Cressy became a full-time employee in 1994, and it continued to accrue until Cressy ceased his labor in February 2008. These findings were supported by the evidence presented at trial. It was not clear error for the district court to compute damages using an earnings period that accurately reflected the benefit accrued to Proctor.

Proctor also argues that his expert's $30,000 salary starting point was more appropriate than the $40,000 figure provided by Cressy's expert. The district court's election of the figure provided by Cressy's expert was its choice between two views both supported by evidence, and was not clear error. *See, e.g.*, *Murphy*, 703 F.3d at 188.

Finally, Proctor reiterates his argument that he was entitled to an offset for the value of the lifestyle benefits that he provided to Cressy after Synergy closed in 2008. Again, though, the district court did not err in ruling that Cressy's labor was qualitatively distinct from the normal domestic benefits customarily exchanged in the context of a domestic relationship, and that the various lifestyle benefits for which Proctor seeks an offset were within the scope of the normal

domestic exchange between the parties. The district court's decision not to offset damages was not clear error.

We have considered all of Proctor's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

<div style="margin-left: 45%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>